**U.S. FIRE INSURANCE CO., Appellant,**

v.

**TWIN CITY CONCRETE, INC., et al., Appellees.**

**No. B14–84–463CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 6, 1984.

Robert E. Speed, Houston, for appellant.

Charles T. Newlin, Houston, for appellees.

Before PAUL PRESSLER, ROBERT-SON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, United States Fire Insurance Company, appeals from a judgment against it in a suit for reimbursement under an indemnity contract. The jury found that appellant had not paid any money under the contract and a take nothing judgment was rendered upon the verdict in favor of appellees, Twin City Concrete, Inc., and its owners, Bert C. and Doris Thompson. We affirm.

In its first point of error, appellant asserts that the trial court erred in overruling appellant's motion for judgment non obstante veredicto because the evidence proves conclusively as a matter of law that appellant paid thirty thousand (30,000.00) dollars to the State of Texas and Special Issue Number 1 should not have been submitted to the jury. In appellant's second point of error, it alleges that the trial court erred in overruling appellant's motion for new trial because the jury's finding to Special Issue Number 1 that appellant made no payment to the State of Texas is so against the great weight and preponderance of the evidence as to be manifestly unjust. Points of error three and four assert that the trial court erred in not admitting a copy of appellant's draft (plaintiff's exhibit 8) and a copy of appellant's loss draft acceptance authority (plaintiff's exhibit 9) as prima facie evidence of the fact and extent of appellant's liability under the sales tax bond in any claim or suit against appellees.

On October 7, 1975, appellees Twin City Concrete, Inc., by its president, Bert C. Thompson and Bert C. Thompson and Doris Thompson, Individually, applied to appellant for a sales tax bond in the amount of fifteen thousand (15,000.00) dollars, effective immediately. On that date, appellant issued a continuous bond in the requested amount. The bond was automatically renewed from year to year. It required appellant as surety to pay to the State of Texas an amount up to fifteen thousand (15,000.00) dollars for sales taxes not paid by appellees for each year the bond was in effect. The bond application contained an indemnification paragraph in which appellees agreed to indemnify appellant from liability and loss incurred by reason of furnishing the bond. The application also contained a paragraph which provided:

> ... that copies of drafts or other evidences of payment by Surety shall be considered prima facie evidence of the fact and extent of Surety's liability in any claim or suit brought by Surety against the Undersigned.

In its original petition appellant alleged that it was called upon by the Texas Comptroller of Public Accounts to make payment for delinquent sales taxes for the years of 1976 and 1977 owed by Twin City Concrete, Inc., and that appellant paid thirty thou-

sand (30,000.00) dollars to the State of Texas pursuant to its liability under the bond.

At trial Ronald Kaminski, the claims supervisor for the parent company of appellant, testified. He was able to produce several documents which were admitted. They included: a copy of the bond application, a certified copy of the bond, a copy of a letter of inquiry by appellant to the state Comptroller of Public Affairs as to whether the bond in this case had been replaced or terminated by another corporation, payment demand letters from the Comptroller of Public Affairs to appellant, copies of letters of demand from appellant to appellees, a copy of the draft for thirty thousand (30,000.00) dollars issued to the State of Texas (admitted for limited purposes), a copy of appellant's loss draft acceptance authority (also admitted for limited purposes).

In its first point of error, appellant argues that the trial court erred in not granting its motion for judgment non obstante veredicto because the evidence proves as a matter of law that it paid thirty thousand (30,000.00) dollars to the State of Texas and that Special Issue Number 1 should not have been submitted to the jury. Special Issue Number 1, the only issue submitted to the jury, read as follows:

> What sum of money, if any, do you find from a preponderance of the evidence that Plaintiff, UNITED STATES FIRE INSURANCE COMPANY paid to the State of Texas through the Comptroller of public accounts in behalf of the Defendant, TWIN CITY CONCRETE, Inc. for delinquent sales taxes?
>
> Answer in dollars and cents, if any.
> Answer: None.

■ A trial judge can disregard a jury's answer to a special issue only when (1) it has no support in the evidence or, (2) the issue is immaterial. Only when the evidence conclusively establishes an opposite finding may a judge substitute his own finding. *Miranda v. Joe Myers Ford, Inc.,* 638 S.W.2d 36, 38 (Tex.App.—Houston [1st Dist.] 1982, no writ). In considering a motion for judgment non obstante veredicto, the trial court and the Court of Appeals must view all of the evidence in a light most favorable to the jury's verdict and indulge every reasonable intendment in its favor. *Transport Insurance Co. v. Liggins,* 625 S.W.2d 780, 783 (Tex.App.—Fort Worth 1981, writ ref'd n.r.e.), citing *Dodd v. Texas Farm Products Co.,* 576 S.W.2d 812 (Tex.1979).

■ Viewing the evidence in the light most favorable to the jury's verdict, we find that the trial court did not err in overruling appellant's motion for judgment non obstante veredicto. The evidence did not conclusively establish that appellant paid any money to the State of Texas on behalf of appellees. The copy of the draft which allegedly paid the delinquent taxes does not show payment. It merely shows that such a draft was made, not paid. In fact, the judge allowed the copy of the draft into evidence only for the purposes of proving that the copy was found among the records of appellant. The evidence shows it was a copy of the draft made before it allegedly was mailed to the Texas State Treasurer. Without more proof, the evidence cannot conclusively establish the fact that appellant paid any sum of money to the State of Texas on behalf of appellees. Point of error one is overruled.

In its second ground of error, appellant argues that the trial court erred in overruling its motion for a new trial because the jury's finding that appellant made no payment to the State of Texas is so against the great weight and preponderance of the evidence as to be manifestly unjust.

■ When a factual insufficiency point is presented the appellate court is "required to consider all of the evidence in deciding the question." *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). We must consider the evidence and its reasonable inferences in the light most favorable to the jury's answer and disregard all contrary evidence. *United General Insurance Exchange v. Brown,* 628 S.W.2d 505, 509 (Tex.App.—Amarillo 1982, no writ).

▮ We have reviewed all of the evidence in a light most favorable to the jury's answer. We conclude that there is ample evidence of probative force to support the jury's answer to the payment issue. As we have stated, the copy of the draft only proved execution. In addition, the other documents introduced into evidence do not establish payment. The jury's answer was not against the great weight and preponderance of the evidence. Appellant's second point of error is overruled.

In points of error three and four appellant complains that the trial court erred in not admitting a copy of appellant's draft or a copy of its loss draft acceptance authority. Appellant claims that the portion of the bond application which provides that copies of drafts or other evidences of payment by appellant will be prima facie evidence of the appellant's liability in a suit between appellant and appellee, should control. Under this theory, the trial court should not have limited the admissibility of the copies. We do not agree.

▮ The portion of the agreement which defines prima facie evidence cannot alter the categories of admissible and inadmissible evidence. The copies of the draft and the loss draft acceptance authority did not show payment and, therefore, could not be admitted to prove payment. Without proof of payment, appellant has failed to prove an element of its cause of action and this failure is a basis for rendering a judgment against it. *Amarillo National Bank v. Terry*, 658 S.W.2d 702, 705 (Tex.App.—Dallas 1983, no writ). We overrule appellant's last two grounds of error.

Accordingly, we affirm the judgment of the trial court.