Alexander REMENCHIK, Joseph Wolpmann, William Masters, and George Johnson, Individually and on Behalf of Corpus Project I, Ltd., Appellants,

v.

Whit WHITTINGTON, Whitco Development Corporation, Joseph Adame and Evans Construction Company of Houston, Inc., Appellees.

No. C14-87-198-CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 11, 1988.

Rehearing Denied Sept. 15, 1988.

Douglas E. Koger, Joseph A. Kral, Houston, for appellants.

Michael A. Pohl, Ronald R. Niehaus, Michael C. Gridley, Houston, for appellees.

Before SEARS, CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a judgment in favor of appellants, Alexander Remenchik, Joseph Wolpmann, William Masters, and George Johnson, individually and on behalf of Corpus Project I, Ltd. The trial court entered judgment for appellants only against appellee Whitco Development Corporation. Appellants appeal the trial court's refusal to enter judgment for appellant against appellees Whit Whittington and Evans Construction Company of Houston, Inc.

In six points of error appellants argue the trial court erred in overruling their Motion for New Trial because (1) the trial court refused to strike the new affirmative defenses filed by Evans Construction Company of Houston, Inc.; (2) the trial court refused to allow appellants to use the depositions of several witnesses at trial; (3) the jury's findings made Evans Construction Company of Houston, Inc. a co-conspirator;

(4) the trial court made prejudicial statements in front of the jury; and (5) there was insufficient evidence that appellants condoned the conspiracy against them. In their final point of error appellants argue the trial court erred in overruling their Motion for Entry of Final Judgment against Whit Whittington because he was individually liable for Whitco Development Corporation's breach of fiduciary duty. We affirm in part and modify in part.

This case arises out of the construction of a six-story atrium office building in Corpus Christi. Appellants are a group of physicians who were the limited partners of the building's developer, Corpus Project I, Ltd. Appellee, Whitco Development Corporation [hereinafter "Whitco"] was the general partner of Corpus Project I, Ltd. and Whit Whittington was the president of Whitco.

Appellants and Whitco entered into an Amended Articles of Limited Partnership for the Corpus Project I, Ltd. on November 1, 1979, to be effective as of April 1, 1979. The agreement called for appellants to each contribute $48,000.00 capital in exchange for 48 percent of the profits of the construction and leasing of the office building. General Partner Whitco was responsible for contributing services to the project in exchange for its 52 percent share of the profits. These services included obtaining interim financing, entering into a construction contract, leasing the office building and selling the office building. Appellants and Whitco had previously engaged in a business venture on an unrelated project. The Corpus Project I, Ltd. partnership agreement gave Whitco full power and authority to control the affairs of Corpus Project I, Ltd. with the condition that he conduct the partnership affairs to the greatest advantage of the partnership.

Whit Whittington, as president and sole owner of Whitco, entered into a construction agreement with appellee, Evans Construction Company of Houston, Inc. [hereinafter "Evans Construction"], for the construction of the office building. Whit Whittington also entered into a leasing agreement with Joe Adame to lease the

office building. The construction contract, dated November 16, 1979, was executed by Whit Whittington individually and as general partner for Whitco. Each appellant executed the construction contract in an individual capacity. The construction contract provided that the partnership would pay Evans Construction $2,381,134.00 to construct the office building subject to additions and deductions. When the office building was completed the total price of the building was $2,518,817.40 including formal and informal change orders. However, all of the payments to Evans Construction totaled $2,757,786.99. The total profit for all of the physicians was approximately $16,000.00.

In May of 1986, appellants undertook an audit of the finances of the Corpus Project I, Ltd. partnership and of Evans Construction. The audit showed that Evans Construction had been overpaid by $270,655.79.

In their first point of error appellants allege that the trial court erred in overruling appellants' Motion for Entry of Final Judgment Notwithstanding the Jury's Answers to Special Issues Nos. 14 through 17. The jury made the following determinations in Special Issues Nos. 14 through 17:

Special Issue No. 14: Do you find from a preponderance of the evidence that Whitco Development Corporation on behalf of plaintiffs entered into an accord and satisfaction of plaintiffs' right with respect to disputes or claims between themselves and Evans Construction Company. [sic]
Answer: *We do.*
Special Issue No. 15: Do you find from a preponderance of the evidence that Whitco Development Corporation on behalf of plaintiffs released plaintiffs' claims, if any, against Evans Construction?
Answer: *We do.*
Special Issue No. 16: Do you find from a preponderance of the evidence that Whitco Development Corporation on behalf of plaintiffs are estopped from denying the actual or apparent authority of Whit Whittington and Whitco Development to resolve plaintiffs' claims, if any, against Evans Construction Company?
Answer: *We do.*

Special Issue No. 17: Do you find from a preponderance of the evidence that Whitco Development Corporation on behalf of plaintiffs waived plaintiffs' claims, if any, against Evans Construction Company?
Answer: *We do.*

Appellants argue that their Motion for Judgment Notwithstanding the Verdict should have been granted because the evidence showed that Whit Whittington was individually liable for Whitco's breach of fiduciary duty. In support of their contention appellants cite the jury's finding in Special Issue No. 1 wherein the jury determined that Whitco, through Whit Whittington, breached its fiduciary duty to appellants by diverting the funds and profits of Corpus Project I, Ltd.

■ Challenges to a court's refusal to grant a motion for judgment notwithstanding the verdict are to be viewed similarly to legal insufficiency claims. *Northwest Mall, Inc. v. Lubri–Lon Intern.,* 681 S.W. 2d 797, 801 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). The reviewing court can reverse the trial court's refusal to grant the motion notwithstanding the verdict only if there is no evidence to support the jury findings. *Northwest Mall,* 681 S.W.2d at 802. *See Williams v. Bennett,* 610 S.W.2d 144, 145 (Tex.1980). In considering a motion for judgment notwithstanding the verdict, the court of appeals must view all the evidence in a light most favorable to the jury's verdict and indulge every reasonable intendment in its favor. *U.S. Fire Insurance Co. v. Twin City Concrete, Inc.,* 684 S.W.2d 171, 173 (Tex.App.—Houston [14th Dist.] 1984, no writ); *Dodd v. Texas Farm Products Co.,* 576 S.W.2d 812 (Tex.1979). A court may not strike down conflicting jury answers if there is any reasonable basis upon which they may be reconciled. *Luna v. Southern Pacific Transportation Co.,* 724 S.W. 2d 383, 384 (Tex.1987). *See also Bender v. Southern Pacific Transportation Co.,* 600 S.W.2d 257 (Tex.1980). When reviewing jury's answers, we do not determine whether the findings may be viewed as conflicting, but rather, we must ascertain if there

is any reasonable basis upon which the answers may be reconciled. *Luna v. Southern Pacific Transportation Co.,* 724 S.W.2d at 384.

Appellants contend that notwithstanding the jury's findings in Special Issues Nos. 14 through 17, Whit Whittington is individually liable for Whitco's breach of fiduciary duty. In support of their argument they cite *Leyendecker & Associates, Inc. v. Wechter,* 683 S.W.2d 369 (Tex.1984) and *Barclay v. Johnson,* 686 S.W.2d 334 (Tex. App.—Houston [1st Dist.] 1985, no writ).

In *Leyendecker,* an employee committed libel while he was acting within the scope of his employment. The Supreme Court found that the employee's libelous statement was blatantly untrue and that the employee was liable to the injured party. Citing *Mayflower Investment Company v. Stephens,* 345 S.W.2d 786, 795 (Tex.Civ. App.—Dallas 1960, writ ref'd n.r.e.), the Supreme Court agreed that a corporation's employee is personally liable for tortious acts which he directs or participates in during his employment.

Our sister court recently held a chairman of the board of a corporation individually liable for participating in corporate wrongdoings sounding in tort. *Barclay v. Johnson,* 686 S.W.2d 334, 338 (Tex.App.—Houston [1st Dist.] 1985, no writ). The First Court of Appeals quoting from *Permian Petroleum Co. v. Barron,* 484 S.W.2d 631, 634 (Tex.Civ.App.—El Paso 1972, no writ), stated:

> In these circumstances, it is not necessary that the corporate veil be pierced or even discussed. An officer or any other agent of a corporation may be personally as responsible as the corporation itself for tortious acts when participating in the wrongdoing.

 We have reviewed the complete record and find that it contains no evidence to support the jury's findings to Special Issues Nos. 14 through 17. No evidence exists supporting the jury's findings that Whitco was acting on behalf of appellants when Whitco entered into an accord and satisfaction and release with Evans Construction. To further substantiate our holding we return to the jury's finding that Whit Whittington had breached his fiduciary duty to appellants. We find the record is replete with evidence supporting the jury's finding to Special Issue No. 1.

Viewing the evidence in the light most favorable to the jury's verdict, we find that the trial court erred in overruling appellants' Motion for Judgment Notwithstanding the Verdict. We also hold that Whit Whittington personally breached his fiduciary duty to appellants and Whitco's breach of fiduciary duty was committed through Whit Whittington. Since Whit Whittington directed and participated in the tortious wrongdoings of Whitco, we hold Whit Whittington personally liable to appellants in the amount of $275,000.00. Point of error one is sustained.

In point of error two appellants contend the trial court erred in overruling their Motion for Judgment Notwithstanding the Answers to Special Issues Nos. 14 through 17 and Motion for Entry of Judgment. Appellants argue the trial court's rulings were improper because the jury found Evans Construction to be a co-conspirator in their answer to Special Issue No. 4. Special Issue No. 4 asks the jury whether appellees' Financial Foundation/Financial Coordinators, Inc. entered into a conspiracy with Whitco. Special Issue No. 3 asks the jury whether Evans Construction Company entered into a civil conspiracy with Whitco. After reviewing appellants' brief in conjunction with their second point of error, we believe appellants actually meant to urge that the jury's answer to Special Issue No. 3 supports their argument.

 It is long-standing law in Texas that where an agent binds himself to a course of conduct antagonistic to the interests of his principal, such breach of duty, *ipso facto,* terminates the agency unless condoned by the principal with full knowledge of the facts. *Cotton v. Rand,* 93 Tex. 7, 51 S.W. 838, *modified on other grounds,* 93 Tex. 7, 53 S.W. 343 (1899). Moreover, persons dealing with an agent must act in good faith and not seek an unconscionable advantage over his principal. *Binder v. Millikin,* 201 S.W. 239, 241 (Tex.Civ.App.—

San Antonio 1918, writ ref'd). When a third party colludes with the agent to the disadvantage of the principal, the third party is estopped, as a matter of law, from making any claim against the principal. *Binder v. Millikin*, 201 S.W. at 242.

We have previously determined that no evidence exists to support Special Issues Nos. 14 through 17. We must next determine whether the record contains evidence supporting Special Issue No. 3 and the jury's answer thereto. Special Issue No. 3 states in substantial part:

> Do you find from a preponderance of the evidence that Evans Construction Company entered into a civil conspiracy with Whitco Development Corporation to cause Whitco Development Corporation to breach its fiduciary duty to plaintiffs by diverting the funds and profits of Corpus Project I, Ltd., if any you have so found?
> Answer "We Do" or "We Do Not."
> Answer: *We Do.*

We have reviewed the record and have found abundant evidence supporting the jury's finding in Special Issue No. 3. We agree with appellants' assertion that there existed a series of questionable transactions between Whitco or Whit Whittington and Evans Construction Company or its president, Robert Evans. These questionable monetary transactions are summarized below:

### Whitco/Whit Whittington Payments to Robert Evans

| Date of Payment | Amount of Payment |
| --- | --- |
| 12/18/79 | $ 5,000.00 |
| 4/07/80 | 2,600.00 |

### Whitco/Whit Whittington Payments to Evans Construction

| | |
| --- | --- |
| 4/07/80 | $ 5,221.00 |
| 6/13/80 | 8,838.00 |
| 6/13/80 | 12,000.00 |
| 6/16/80 | 2,600.00 |

### Evans Construction Payments to Whit Whittington

| | |
| --- | --- |
| 6/12/79 | $ 5,000.00 |
| 6/29/79 | 20,000.00 |
| 11/30/79 | 5,000.00 |
| 11/30/79 | 50,000.00 |

| Date of Payment | Amount of Payment |
| --- | --- |
| 4/03/80 | $ 50,000.00 |
| 6/03/80 | 12,000.00 |
| 6/26/80 | 3,000.00 |
| 10/02/80 | 12,107.50 |
| 11/07/80 | 1,713.50 |
| 11/25/80 | 1,837.50 |
| 3/03/81 | 2,278.50 |
| 3/05/81 | 7,550.40 |
| 12/18/80 | 8,000.00 |

### Evans Construction Deposits into Whitco's/Whit Whittington's Bank

| | |
| --- | --- |
| 8/28/81 | $ 5,000.00 |

Whit Whittington admitted that partnership monies, in excess of the specified contract amount, were paid to Evans Construction. During the trial, Whit Whittington testified that these payments were "loans," "repayment of loans" or "payments against notes." However, the record contains no written evidence showing repayment of these "loans." The excessive payments to Evans Construction and Robert Evans totaled $270,655.79. Evans Construction/Robert Evans paid Whit Whittington $147,228.40 in "overpayment" payments resulting in a net overpayment to Evans Construction of $123,427.39.

One representative example of how the "overpayment" transactions occurred is an overpayment pertaining to the purchase of blinds for the Corpus Project I, Ltd. project. Evans Construction was originally paid $8,000.00, from the original mortgage company loan, to furnish blinds to the project. Evans Construction then issued a check to Whit Whittington personally in the amount of $8,000.00. No reduction change order was ever submitted to Evans Construction for $8,000.00. Thus, this transaction enabled Whit Whittington to personally obtain $8,000.00 in partnership funds without Evans Construction expending any money.

It is also important to add that the record shows that Whit Whittington acquired his present residence in Sugar Creek by trading his former residence on Linkview with Gary Evans of Evans Construction. Whit Whittington also testified that he and Robert Evans had worked together for a long time and their relationship went beyond being cronies. Additional testimony showed that Whit Whittington paid Evans

Construction 10 percent of the total profits which Whit Whittington obtained from the Corpus Project I, Ltd. project.

■ Based on the evidence before us, we find sufficient evidence to support the jury's findings that Evans Construction was involved in a civil conspiracy with Whitco to defraud appellants. The evidence also supports the jury's finding that this intentional diversion of funds and profits from Corpus Project I, Ltd. breached the fiduciary relationship between appellants and Whit Whittington. In Special Issue No. 10, the jury determined that Evans Construction also breached its construction agreement with appellants.

We hold the trial court erred in not entering judgment for appellants and against Evans Construction in the amount of $275,000.00. Because Evans Construction conspired with Whitco, we hold that Evans Construction is jointly and severally liable for the $275,000 judgment rendered against Whitco. The jury found in Special Issue No. 11 that $40,000 would compensate appellants for their loss due to Evans Construction's breach of the construction agreement. The trial court also erred in not rendering judgment for appellants and against Evans Construction in the amount of $40,000. Point of error two is sustained.

In point of error three appellants assert the trial court erred in overruling their Motion for Entry of Final Judgment and Motion for New Trial because there was no evidence, or in the alternative insufficient evidence, showing appellants condoned the conspiracy. Since we have found no evidence that appellants condoned the conspiracy, we need not address appellants' insufficiency of evidence arguments. Moreover, since we also find the trial court erred in overruling appellants' Motion for Entry of Final Judgment, it is unnecessary for us to discuss appellants' Motion for New Trial.

■ Appellants persuasively argue that Whitco's agency with appellants terminated when Whitco began conspiring with Evans Construction to defraud appellants. We agree.

■ A principal is not bound by the conduct of his agent when the agent acts in excess of the actual authority given to him. *Cecil v. Zivley*, 683 S.W.2d 853, 856 (Tex. App.—Houston [14th Dist.] 1984, no writ). Appellants argue that when an agent pursues a course of conduct antagonistic to the interests of his principal, the agency is terminated unless the course of conduct is condoned by the principal with full knowledge of the facts. Moreover, when an agent has acted fraudulently toward his principal, the agent's knowledge is not binding on the principal and one who avails himself of the fraudulent services of the agent cannot claim that the agent's acts or knowledge bind the defrauded principal. *Crisp v. Southwest Bancshares Leasing Co.*, 586 S.W.2d 610, 615 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.); *Centennial Mut. Life Assn. v. Parham*, 80 Tex. 518, 16 S.W. 316 (1891). Where a third person acts in collusion with an agent to defraud the principal, the principal is not charged with information the agent receives pertaining to that transaction. *Zeigler v. Federal Land Bank of Houston*, 86 S.W.2d 864, 866 (Tex.Civ.App.—El Paso 1935, writ dism'd).

We further hold that the conspiracy and breach of contract claims against Evans Construction are not barred by any accord and satisfaction, release, waiver or estoppel. We agree with appellants' argument that Whitco through Whit Whittington lacked the authority to bind appellants. Once Whit Whittington, through Whitco, conspired with Evans Construction to steal funds from appellants, Whit Whittington ceased to be an agent for appellants and all subsequent agreements entered into by Whit Whittington on behalf of appellants are voidable.

We have reviewed the record in its entirety and find no evidence that appellants, with full knowledge of the facts, condoned the conspiracy against them. Appellee Whit Whittington was given responsibility and authority by appellants and was required to conduct his business to the greatest advantage of the partnership. There is no evidence that appellants knew of the many interdealing payments from partner-

ship funds that passed between Whit Whittington and Evans Construction. There is also no evidence that appellants did any act which bars their recovery. Whit Whittington, through Whitco, lacked the authority to release Evans Construction from appellants' claims because appellants did not participate in and had no knowledge of the conspiracy. Moreover, Evans Construction is estopped, as a matter of law, from raising any defense against appellants because of Evans Construction's collusion with Whitco. Point of error three is sustained.

Since appellants did not knowingly condone the conspiracy against them, we hold Evans Construction jointly and severally liable with Whitco and Whit Whittington for judgment in appellants' favor in the amount of $275,000.00. We further reform the trial court's judgment by ordering judgment entered for appellants against Evans Construction in the amount of $40,000.00.

Our disposition of points of errors one, two and three are dispositive of this appeal. Therefore, we need not address the arguments raised by appellants in their remaining points of error.

The judgment of the trial court is affirmed in part and modified in part in accordance with this opinion.