Guadencio **REYNA** and Sofia **Reyna**, Appellants,

v.

**AYCO DEVELOPMENT CORP.**, et al., Appellees.

No. 3-89-153-CV.

Court of Appeals of Texas, Austin.

May 9, 1990.

Rehearing Overruled May 30, 1990.

[redacted] 

[redacted]

James R. Warncke, Austin, for appellants.

Stephen W. Harris, Ted Mishtal, Austin, Jonathan B. Cluck, San Antonio, for appellees.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

SHANNON, Chief Justice.

Appellants Guadencio and Sofia Reyna, individually and as next friends for their minor daughter Patricia, sued appellee Ayco Development Corp., the City of Austin, and others[1] for injuries suffered by their daughter. Upon motion, the district court of Travis County rendered summary judgment that appellants take nothing. This Court will affirm the judgment.

In August 1986, appellants were tenants of the Coronado Apartments located in Austin. Appellee Ayco owned and operated the apartment complex. The City of Austin supplied electrical power to Ayco's rental property.

On August 26, 1986, three-year-old Patricia was severely burned when she wandered into an open electrical switching cabinet located within the City of Austin's easement in Ayco's apartment complex. The switching cabinet was a part of the electrical distribution system owned and operated by the City of Austin. The City of Austin settled with appellants.

Appellants pleaded that Ayco was negligent in the following respects:

1. In failing to inspect the safety and security of the electrical switching cabinet;
2. In failing to lock the switching cabinet;
3. In failing to exercise reasonable care for the protection of children who are foreseeable users of the land from the dangerous conditions;
4. In failing to warn appellants and other tenants that the cabinet contained dangerous and high electrical voltage;
5. In failing to maintain protected access to the switching cabinet;
6. In failing to erect fences or barriers to prevent children from coming into contact with the switching cabinet;
7. In failing to post "danger" and/or other warning signs on the switching cabinet.

Upon hearing, the district court rendered summary judgment that appellants take nothing.

By two points of error, appellants maintain that the district court erred in rendering summary judgment. Ayco responds generally that under the undisputed summary judgment evidence, it did not owe appellants a duty to exercise ordinary care.

The affirmance of a summary judgment for a defendant depends upon whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827, 828 (Tex.1970).

Ayco asserted by its motion for summary judgment that because it neither owned, nor controlled, nor had the right to control the offending switching cabinet, it owed appellants no duty to exercise ordinary care. In support of its motion, Ayco marshaled summary judgment proof establishing that the City of Austin owned the switching cabinet and such proof showed further that the cabinet was located within the confines of an easement conveyed to the City. By its terms, the easement conferred upon the City "the right to enter and place, construct, operate, repair, maintain and replace electric lines and sys-

1. Other defendants were Coronado Associates, Guilder '82 Property Company, and Dranguet-Helmer, Inc. In this opinion these parties are referred to as "Ayco."

tems...." The easement further provided that:

> Austin shall have the right to ingress and egress for the purpose of construction, [*sic*] improving, repairing, replacing, inspecting, maintaining, operating and removing said lines and appurtenances; and the right at all times to cut away and keep clear of said lines and appurtenances all trees and *other obstructions, which in the sole judgment of Austin,* may endanger or interfere with the proper maintenance and operation of said lines. (Emphasis supplied.)

■ In general, an owner or occupier of premises owes a duty of ordinary care to persons entering onto those premises. *Redinger v. Living, Inc.,* 689 S.W.2d 415, 417 (Tex.1985). When, however, an owner has transferred possession or control of the premises to another, the owner owes no duty to those persons coming onto the premises. *Prestwood v. Taylor,* 728 S.W.2d 455, 460 (Tex.App.1987, writ ref'd n.r.e.).

■ The summary judgment proof establishes that by the express terms of the easement Ayco surrendered exclusive use and control of the easement property to the City of Austin. Under the terms of the easement the City had the perpetual right to enter onto the premises to "place, construct, operate, repair, maintain and replace electric lines and systems ..." and also to inspect, relocate and remove the lines and systems whenever necessary. Ayco had no right to deny access to the cabinet or to remedy any condition in the cabinet. Any interference or tampering with the City's cabinet would plainly encroach upon the rights conferred upon the City by the easement. Likewise, locking or fencing the cabinet would be inconsistent with the terms of the easement.

■ Moreover, under general easement law, the owner of the dominant estate (the City of Austin) has a duty to maintain the easement and the owner of the servient estate (Ayco) has no right to interfere with the dominant estate. *See West v. Giesen,* 242 S.W. 312, 320–21 (Tex.Civ.App.1922, writ ref'd); 2 Thompson on Real Property § 428, at 673 (1980). The servient estate has no duty to repair in the absence of an express agreement. *See West,* 242 S.W. at 321.

■ Facts and issues similar to those in this appeal were involved in *Gnau v. Union Elec. Co.,* 672 S.W.2d 142 (Mo.Ct.App. 1984) and *Green v. Duke Power Co.,* 305 N.C. 603, 290 S.E.2d 593 (1982). There the plaintiffs originally filed suit against the respective electric utility. Each utility then sought contribution from the landowners on whose properties the utility easement was located. In *Gnau* and *Green* the easements conferred upon the dominant estate were the same rights as in this appeal. The reviewing courts in *Gnau* and in *Green* affirmed summary judgments that the utility take nothing. The basis for these opinions was that the electric utility had control of the premises, not the landowner. *Gnau,* 672 S.W.2d at 145–46; *Green,* 290 S.E.2d at 598. Each court concluded that the party who controls the premises owes a duty of ordinary care, not the owner or occupier. An owner or occupier who has no control has no duty to warn against the danger or to take any action to relieve the danger. *See Gnau,* 672 S.W.2d at 147; *Green,* 290 S.E.2d at 597–98. This Court concludes that the law and its application in *Gnau* and *Green* is consistent with Texas law.

The summary judgment is affirmed.