TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING









NO. 03-97-00548-CV







James H. Coleman, Jr. and Eanes Office I, Ltd., Appellants



v.



Claude and Paula Savoie and Ali Khataw, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 96-07463, HONORABLE HUME COFER, JUDGE PRESIDING








 To address certain issues raised in the motion for rehearing we withdraw our earlier
opinion and judgment issued May 7, 1998, and substitute this one in its place.

 This appeal arises from a judgment in favor of appellees Claude Savoie, Paula
Savoie, and Ali Khataw (collectively "appellees") enforcing an easement against appellants James
H. Coleman, Jr. and Eanes Office I, Ltd. (collectively "Eanes"). On appeal, Eanes asserts that
there was no evidence, or alternatively, factually insufficient evidence to establish the existence
of the easement in question or to hold appellant James H. Coleman individually liable. We will
affirm.

BACKGROUND

 This case involves the relocation or termination of an easement affecting two lots
originally known as Lot 69 and Lot 70. In July 1984, the owner of Lot 69, Rob Roy North, Ltd.,
granted and recorded an express "Private Driveway Easement" to the owners of Lot 70. There
is no indication in the record of who owned Lot 70 at the time the Private Driveway Easement
was granted.

 Some time after the easement was granted, Lot 70 was re-subdivided into three lots: 
Lot 1, Lot 2 and Lot 3. Lots 1 and 2 were purchased by the Savoies and Lot 3 was purchased by
Khataw. Approximately one year later, Eanes purchased Lot 69 with record notice of the express
easement. Soon thereafter, a dispute arose between the appellees and Eanes regarding the express
easement.

 The initial dispute arose when Eanes, through its manager James Coleman, asked
the appellees to relocate the express Private Driveway Easement to another portion of Lot 69. 
Eanes allegedly requested this relocation "to protect some oak trees" growing within the
boundaries of the easement. The appellees refused, and subsequently filed suit seeking to enforce
their right to use the easement in its present location, as defined in the Private Driveway
Easement. Shortly before trial, but after the suit was filed, Eanes escalated the dispute by
constructing a sidewalk and a parking pad that extended onto the appellees' easement. The
appellees therefore amended their pleadings to not only enforce their right to use the easement,
but also to remove the improvements placed upon it by Eanes.

 At trial, the appellees introduced the express Private Driveway Easement into
evidence. Eanes did not object, nor did it argue that the express easement was invalid in any way. 
Instead, Eanes contended that "the easement should be relocated" to protect several oak trees
located on the property, or in the alternative, that "the easement should be terminated" because
the purpose and use of the easement had been extinguished. Regarding the latter argument, Eanes
argued that there were alternative routes for the appellees to reach their property, thus, there was
no longer a need for the easement.

 At the conclusion of the evidence, the trial court granted judgment in favor of the
appellees. The trial court found that the easement was valid and enforceable, and therefore
ordered Eanes to remove all obstructions to the easement within six months of the signed
judgment.

 Following judgment, Eanes filed a motion for new trial. In its motion, Eanes
argued for the first time that the express easement was invalid because at the time of the
conveyance the grantor, Rob Roy North, Ltd., owned both the dominant and servient estate. 
After hearing arguments, the trial court overruled Eanes's motion for new trial. Eanes appeals.


DISCUSSION


 In its first three points of error, Eanes argues that the trial court erred in finding
a valid and enforceable Private Driveway Easement in favor of the appellees. Specifically, Eanes
contends that because there was unity of title between Lot 69 and Lot 70 at the time of the
conveyance, the easement was invalid.

 The only evidence that tends to support Eanes's claim for an invalid easement was
adduced by it at the hearing on its motion for new trial. Because there was no evidence of the
invalidity of the easement raised during the trial on the merits, we overrule these points of error. 
The object of the proceeding on a motion for new trial is to provide the court the opportunity to
examine issues assigned as error that occurred in the course of the preceding trial and if need be
to correct the errors. See Mushinski v. Mushinski, 621 S.W.2d 669, 670-71 (Tex. App.--Waco
1981, no writ). The motion for new trial is not a means by which to try a case over or try it
differently. Id. at 671.

 At trial, the pleadings, stipulations, and arguments advanced by Eanes were
inconsistent with its contention post-trial that the easement was invalid. For example, Eanes
stipulated to several facts that ostensibly reflect a tacit assumption that the easement is valid. 
Stipulation five (5) states:


 The document marked as Plaintiff's Exhibit "B" is a true and correct copy
of a survey of Lot 69 prepared by Watson Surveying and accurately depicts Lot 69
and Plaintiffs' easement across Lot 69.



(Emphasis added.) Stipulation six (6) contains similar language:



The document marked as Plaintiff's Exhibit "C" is a true and correct copy of a
survey performed by Stearns and Associates and accurately depicts the location of
the easement across Lot 69, in relation to the improvements on Lot 69.



(Emphasis added.) These stipulations reasonably indicate Eanes's belief that the easement in
question was valid. There is nothing in the remaining stipulations to contradict this inference.

 Additionally, Eanes's pleadings also indicate the validity of the easement. Eanes avers in
its pleadings the following:


Defendants assert that Plaintiffs have other, more reasonable and more convenient
access to both of their lots other than across the easement on Lot 69. In fact,
Plaintiffs have paved this other access. Despite Plaintiffs' obligation to maintain
the easement across Lot 69, Plaintiffs have failed to maintain that easement, and
instead, have decided to improve and use their access easement off of Bee Caves
road to reach and serve their two lots.


* * * 


Pursuant to Tex. Civ. Prac. & Rem. Code § 37.001, et seq., Defendants seek
declaratory relief as to their rights vis-a-vis Plaintiffs concerning use of the
easement across Lot 69 and the use and enjoyment of Lot 69 by the Defendants.



(Emphasis added.) There is not one instance where it is referred to as an "alleged easement" or
a "purported easement." Therefore, given Eanes's continuous and unambiguous
acknowledgments of "the easement," it cannot now dispute the easement's validity. Eanes's first
three points of error are overruled.

 In its fourth point of error, Eanes argues that the trial court erred in ordering the 
removal of the improvements constructed by Eanes on the appellees' easement. This argument
is without merit.

 It is well-settled that the owner of the servient estate may not interfere with the
right of the dominant estate to use an easement for the purpose for which it was granted or sought. 
Bickler v. Bickler, 403 S.W.2d 354, 359 (Tex. 1966) (quoting Drye v. Eagle Rock Ranch, Inc.,
364 S.W.2d 196, 207 (Tex. 1963)). Any use by others that interferes with the exercise of
superior easement rights must yield. McDaniel v. Calvert, 875 S.W.2d 482, 485 (Tex. App.--Fort
Worth 1994, no writ) (quoting Pittman v. City of Amarillo, 598 S.W.2d 941, 944 (Tex. Civ.
App.--Amarillo 1980, writ ref'd n.r.e.)). Thus, the owner of the servient estate has no right to
interfere with the dominant estate. Reyna v. Ayco Dev. Corp., 788 S.W.2d 722, 724 (Tex.
App.--Austin 1990, no writ).

 In the instant case, Eanes constructed a concrete sidewalk and a parking pad that
extended onto the appellees' easement. These improvements clearly encumbered appellees' right
to enjoy and use the easement. Therefore, we hold that the trial court did not err in ordering the
removal of these obstructions and overrule Eanes's fourth point of error.

 In its final point of error, Eanes asserts that the trial court erred in finding James
Coleman, Jr. individually liable. Specifically, Eanes argues that because Coleman was merely
an employee of Eanes Office I, Ltd., there was insufficient evidence to establish liability against
Coleman in his individual capacity. (1) In response to Eanes's contention, appellees argue that
despite his role as an employee of Eanes Office I, Ltd., Coleman personally participated in
obstructing their easement and thus should be held liable for his acts.

 The fact that Coleman was merely an employee of Eanes Office I, Ltd. does not
itself absolve him from individual liability. It is well-settled that when an employee personally
participates in the entity's wrongful conduct, the employee can be held personally liable for the
entity's wrongdoing. See Leyendecker Associates, Inc. v. Wechter, 683 S.W.2d 369, 375 (Tex.
1984) (employee personally liable for wrongful acts which he directs or participates in during his
employment); Tiawan Shrimp Farm v. U.S.A. Shrimp Farm, 915 S.W.2d 61, 73 (Tex.
App.--Corpus Christi 1996, writ denied); McIntosh v. Copeland, 894 S.W.2d 60, 63 (Tex.
App.--Austin 1995, writ denied); Remenchik v. Whittington, 757 S.W.2d 836, 839 (Tex.
App.--Houston [14th Dist.] 1988, no writ); Great American Homebuilders, Inc. v. Gerhart, 708
S.W.2d 8, 10-11(Tex. App.--Houston [1st Dist.] 1986, writ ref. n. r. e.). 

 In the instant cause the record is clear that Coleman personally participated in
obstructing the appellees' easement. Coleman admitted on direct examination that despite the
appellees' filing of their lawsuit, he went ahead and built a sidewalk on their easement. 
Therefore, we conclude that the trial court's judgment finding Coleman individually liable was
not error. We overrule Eanes's final point of error.


CONCLUSION

 Having overruled all of Eanes's points of error, the judgment of the district court
is affirmed.



 

 Mack Kidd, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: June 11, 1998

Do Not Publish
1. Eanes Office I, Ltd. is a limited partnership. The general partner is a limited liability
company named Eanes Properties, L.L.C. Coleman is identified in the record as an employee-manager of both Eanes Office I, Ltd. and Eanes Properties, L.L.C. Whether Coleman has an
ownership interest in either of the two entities is not clear from the record. 



r"> In its fourth point of error, Eanes argues that the trial court erred in ordering the 
removal of the improvements constructed by Eanes on the appellees' easement. This argument
is without merit.

 It is well-settled that the owner of the servient estate may not interfere with the
right of the dominant estate to use an easement for the purpose for which it was granted or sought. 
Bickler v. Bickler, 403 S.W.2d 354, 359 (Tex. 1966) (quoting Drye v. Eagle Rock Ranch, Inc.,
364 S.W.2d 196, 207 (Tex. 1963)). Any use by others that interferes with the exercise of
superior easement rights must yield. McDaniel v. Calvert, 875 S.W.2d 482, 485 (Tex. App.--Fort
Worth 1994, no writ) (quoting Pittman v. City of Amarillo, 598 S.W.2d 941, 944 (Tex. Civ.
App.--Amarillo 1980, writ ref'd n.r.e.)). Thus, the owner of the servient estate has no right to
interfere with the dominant estate. Reyna v. Ayco Dev. Corp., 788 S.W.2d 722, 724 (Tex.
App.--Austin 1990, no writ).

 In the instant case, Eanes constructed a concrete sidewalk and a parking pad that
extended onto the appellees' easement. These improvements clearly encumbered appellees' right
to enjoy and use the easement. Therefore, we hold that the trial court did not err in ordering the
removal of these obstructions and overrule Eanes's fourth point of error.

 In its final point of error, Eanes asserts that the trial court erred in finding James
Coleman, Jr. individually liable. Specifically, Eanes argues that because Coleman was merely
an employee of Eanes Office I, Ltd., there was insufficient evidence to establish liability against
Coleman in his individual capacity. (1) In response to Eanes's contention, appellees argue that
despite his role as an employee of Eanes Office I, Ltd., Coleman personally participated in
obstructing their easement and thus should be held liable for his acts.

 The fact that Coleman was merely an employee of Eanes Office I, Ltd. does not
itself absolve him from individual liability. It is well-settled that when an employee personally
participates in the entity's wrongful conduct, the employee can be held personally liable for the
entity's wrongdoing. See Leyendecker Associates, Inc. v. Wechter, 683 S.W.2d 369, 375 (Tex.
1984) (employee personally liable for wrongful acts which he directs or participates in during his
employment); Tiawan Shrimp Farm v. U.S.A. Shrimp Farm, 915 S.W.2d 61, 73 (Tex.
App.--Corpus Christi 1996, writ denied); McIntosh v. Copeland, 894 S.W.2d 60, 63 (Tex.
App.--Austin 1995, writ denied); Remenchik v. Whittington, 757 S.W.2d 836, 839 (Tex.
App.--Houston [14th Dist.] 1988, no writ); Great American Homebuilders, Inc. v. Gerhart, 708
S.W.2d 8, 10-11(Tex. App.--Houston [1st Dist.] 1986, writ ref. n. r. e.). 

 In the instant cause the record is clear that Coleman personally participated in
obstructing the appellees' easement. Coleman admitted on direct examination that despite the
appellees' filing of their lawsuit, he went ahead and built a sidewalk on their easement. 
Therefore, we conclude that the trial court's judgment finding Coleman individually liable was
not error. We overrule Eanes's final point of error.


CONCLUSION

 Having overruled all of Eanes's points of error, the judgment of the district court
is affirmed.