Arnold F. BALL d/b/a Bronte Butane Service Company, Appellant,

v.

W. H. MARTIN et al., Appellees.

No. 10300.

Court of Civil Appeals of Texas.

Austin.

March 9, 1955.

McMahon, Springer, Smart & Walter, Abilene, Runge, Hardeman, Smith & Foy, San Angelo, for appellant.

Kerr & Gayer, Upton, Upton, Baker & Griffis, San Angelo, for appellees.

ARCHER, Chief Justice.

This is a suit for damages arising out of a collision between defendant's truck and plaintiff's automobile. Intervenor was a passenger in plaintiff's automobile at the time of the collision. Both plaintiff and intervenor have sued defendant for damages for alleged personal injuries suffered in the collision, alleging negligence on the part of defendant's driver, F. H. Parker. The suit was filed in Tom Green County, Texas, and defendant filed his Plea of Privilege to be sued in Coke County, the county of his residence.

The Plea of Privilege was tried without a jury and was overruled.

This appeal is based on two points:

"1. The Court erred in permitting the plaintiff, in answer to the question:

" 'Can you give us an estimate from the physical signs that you saw out there of the speed of the truck at the time it struck your car?'

"to answer:

" 'I would say somewheres about 50 miles an hour, as good as I could tell, from the impact and the way it knocked the car and everything, the main thing I am going by.'

"over the objection that no proper predicate had been laid for the question either on the basis of fact or observation or in the experience of the witness."

"2. The Court erred in holding that the plaintiff showed, by a preponderance of the evidence, that an act or omission of negligence was committed by the defendant's agent, servant or employee, F. H. Parker, in Tom Green County."

We believe that the trial court was justified in permitting the plaintiff W. H. Martin to testify as to the facts and to express an opinion as to the speed of the truck.

Just prior to the collision here involved, the plaintiff, appellee herein, had been in a collision with another vehicle and was engaged in an attempt to move his car from the highway.

There was a severe dust storm on the day of the accident and at times the visibility was reduced to only a few feet. The truck was being driven at a rate of speed estimated by appellee at about 50 miles per hour, and by F. H. Parker, the operator of the truck, at 15 to 18 miles per hour. Witness Parker further testified that he had been driving at from 35 to 40 miles per hour just prior to the collision but had reduced his speed at the time of the acci-

dent; that clouds of dust were blowing and at that time a more severe one blew across the road immediately before the collision and reduced his visibility to only a few feet, and that when he first saw the car bumper it was about six feet in front of him and that he applied his brakes but could not avoid the impact; that he did not see any persons.

Martin testified that he was driving a 1950 Cadillac sedan accompanied by three other men, and that the collision took place about six miles from San Angelo in Tom Green County and that he was in the collision with another car. That the wind was blowing and coming in gusts and visibility was limited to five or ten feet in a gust of dust. The witness testified that he had never been a traffic officer or had any courses in measurements or judgment of speed on the basis of skid marks and did not have any recognized charts, and that he estimated the speed on just the way the car was knocked, the distance the car went and the marks left on the highway, and that he was knocked a distance of 20 feet into a fence and that the skid marks were 55 feet long. Appellee further testified that he had just ordinary experience and was able to judge and form an opinion as to speed. Schaff v. Moss, Tex.Civ.App., 219 S.W. 548, error dism.

Plaintiff alleged as acts of negligence on the part of defendant in Tom Green County, Texas, acting through his duly authorized employee, etc., that he failed to keep control of the speed, failing to have control over the truck, in driving said truck at a speed greater than was reasonable and prudent under the conditions then existing, failing to keep a proper lookout, failing to apply the brakes, failing to turn the truck to the right and/or the left so as to avoid the automobile of plaintiff; failing to have burning headlights, and finally that one or more, or all of the above acts and particulars of

negligence were a proximate cause of the collision in question.

■ We believe that plaintiff and intervenor established, by a preponderance of the evidence, that one or more acts and omissions of negligence had been committed by defendant's agent, servant and employee in Tom Green County, Texas.

The place of collision was established as being in Tom Green County and proof as to injuries to plaintiff and intervenor was made.

The proof as to negligence was that given by Martin, a portion of which we have set out and referred to.

Further testimony is that there was a dust storm blowing, and that at the time plaintiff's car was hit the truck was travelling at a speed of 50 miles per hour, and that the car was knocked forward 55 to 60 feet. The driver of the truck testified as to the dust conditions and that at times visibility was reduced to 50 yards and at the instant of the impact visibility was only 5 or 10 feet, and that he did not turn his wheels to the left or right and that he had turned on his parking lights because it was dusty and hazy.

■ Since this was a hearing before the court without a jury and no finding of facts and conclusions of law were filed, we presume that the trial court found the necessary facts raised by the pleadings and the evidence in support of its judgment and we must view the evidence most favorable to appellees. Nunneley v. Weiler, Tex. Civ.App., 244 S.W.2d 707, and cases cited therein; John F. Buckner & Sons v. Allen, Tex.Civ.App., 272 S.W.2d 929, error dism., w. o. j.; Coker v. Mitchell, Tex.Civ.App., 269 S.W.2d 950, Tex.Civ.App.

The judgment of the trial court is affirmed.

Affirmed.