**Bobby E. DIXON, Sr. et al., Petitioners,**

v.

**VAN WATERS AND ROGERS et al., Respondents.**

No. C–3437.

Supreme Court of Texas.

Dec. 19, 1984.

Jenks Garrett, Arlington, for petitioners.

Jearl Walker, Fort Worth, for respondents.

ON APPLICATION FOR WRIT
OF ERROR

PER CURIAM.

Bobby E. Dixon, Sr. and Gailya W. Dixon brought this products liability suit against Van Waters and Rogers, a Division of Univar Company, for damages arising out of the death of their son, Bobby Eugene Dixon, Jr., caused by the inhalation of toxic vapors. The trial court rendered judgment for the defendant after the jury refused to find that defendant Van Waters and Rogers failed to give adequate warnings of the dangers or adequate instructions for the safe use of the product. The jury also found that Bobby Eugene assumed the risk and refused to find any damages. The court of appeals correctly affirmed the judgment on the verdict. 674 S.W.2d 479 (1984).

■ While not material to the court's disposition of the cause, the opinion of the court of appeals alludes to the "no-duty" concept that this court rejected in *Parker v. Highland Park, Inc.*, 565 S.W.2d 512 (Tex.1978). The opinion appears to misinterpret the meaning of the concept that has now been rejected. The term "no-duty," as used in *Parker*, referred to the oddity that had uniquely developed in Texas to confuse negligence law. It meant that a plaintiff had the burden to negate his own knowledge and his own appreciation of a danger. *See Parker v. Highland Park, Inc.* at 516–17. The rule that the plaintiff does not have the burden to obtain findings that disprove his own fault does not, however,

mean that a plaintiff is excused from proving the defendant had a duty and breached it. A plaintiff does not have the burden to prove and obtain findings that he lacked knowledge and appreciation of a danger; he must, however, prove the defendant had a duty and breached it.

■ The trial court properly submitted an issue on voluntary assumption of risk and the court of appeals correctly applied that rule as it existed prior to February 15, 1984. In *Duncan v. Cessna Aircraft Company*, 665 S.W.2d 414 (Tex.1984), this court abolished that defense in products cases as it had earlier done in negligence cases. *Farley v. M M Cattle Co.*, 529 S.W.2d 751 (Tex.1975).

We refuse the application for writ of error because there is no reversible error. TEX.R.CIV.P. 483.