Roland D. MOORE

v.

NOBLE DRILLING COMPANY.

Civ. A. No. B–84–1148–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

June 5, 1986.

Ernest Sample, Beaumont, Tex., for plaintiff.

William M. Tolin III, Benckenstein, Oxford, Radford & Johnson, Beaumont, Tex., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

COBB, District Judge.

The plaintiff, Roland D. Moore, brought suit against the defendant, Noble Drilling Company, to recover compensatory damages for an alleged personal injury. The case was bifurcated, and the liability portion was tried before this court. Pursuant to Rule 52(a), FED.R.CIV.P., the court enters the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. At the time of the incident, the plaintiff was an employee of Universal Services International, Inc. (Universal Services).

2. Universal Services was an independent contractor employed by Noble Drilling Company (Noble) pursuant to a written contract to furnish offshore catering and housekeeping services for the crew quarters on Noble's offshore rigs.

3. Plaintiff's alleged injury occurred during the performance of his duties for Universal Services.

4. The matters in question occurred on the Noble 29 drilling rig, which was situated upon a fixed platform located approximately 150 miles off the Coast of Texas.

5. One of the duties the plaintiff was to perform for his employer, Universal Services on the Noble 29 consisted of making the bunk beds in the various crew quarters located on the Noble 29.

6. Because of the plaintiff's height (5'3"), he was unable properly to make up the top bunks while standing on the floor. Accordingly, during the period he was assigned to the platform, plaintiff used chairs to climb up on writing tables located near the bunks, and from these, plaintiff would climb on top of the bunks, or to reach them from the table, to complete his tasks.

7. While some of the platforms on which plaintiff had previously worked had fixed ladders mounted to the bunks which plaintiff had used for access to the top bunk, not all platforms are so equipped. Thus, when working on platforms which did not have ladders, plaintiff has used the same procedure he utilized on the Noble 29.

8. Although the tables and chairs were not designed for the purpose for which they were used by the plaintiff, the tables provided a stable and wide platform from which the plaintiff could perform his duties. Any dangers associated with the mounting or dismounting the table or working upon the table were open and obvious, and fully known, to the plaintiff.

9. The plaintiff apparently requested from his supervisor, also an employee of Universal Services, a stepladder for use in making the beds. However, there is no evidence that this request was ever communicated to Noble, or that Noble had a contractual duty to provide such equipment to Universal Services. There is also no evidence that Noble ever exercised any control over the methods used by Universal Services or its employees in the performance of the contract that Universal Services had with Noble. In fact, the evidence shows that the plaintiff's only discussion regarding the manner in which he was to make beds was with Universal's steward.

10. Based on the evidence, the court finds there were various alternative means that could have been used by plaintiff to make the bunk beds in a safe manner, including the use of stepladders or other devices, and that the defendant Noble exercised no control over the selection of the means to be employed.

11. The plaintiff testified that after making the top bunk, he stepped from the table to the chair and at this point, the accident occurred. There is no evidence that someone else moved the chair from the position that the plaintiff had placed it. Thus, there is no evidence that an employee of Noble moved the chair. The court concludes that if the chair had been removed, the plaintiff, in the proper exercise of care for his own safety could and should have looked for the chair prior to walking off the table. Accordingly, the plaintiff would be charged with the constructive knowledge of the chair's disappearance, if it did so disappear.

## CONCLUSIONS OF LAW

1. Because the accident occurred aboard a fixed platform, there is no warranty of seaworthiness owed by the defendant Noble. Further, because Noble was not the plaintiff's employer, plaintiff cannot assert a claim under the Jones Act against the defendant in this cause.

2. The plaintiff's recovery herein, if any, would be pursuant to the Outer Continental Shelf Lands Act, 43 U.S.C. § 1333(a). Accordingly, this court has jurisdiction over the civil action under 28 U.S.C. § 1331.

3. The Outer Continental Shelf Lands Act provides that the civil laws of each adjacent state shall, to the extent applicable and not inconsistent with the Act or other federal laws, be the law of the United States for incidents occurring on fixed structures erected thereon. Accordingly, the liability of Noble and the amount of damages owed, if any, are to be determined by Texas law.

4. Under Texas law, plaintiff has the burden of establishing a duty and a breach of duty on the part of the defendant. *Dickson v. Van Waters & Rogers*, 682 S.W.2d 533 (Tex.1984). With regard to plaintiff's allegation that Noble was negligent in the various respects, the threshold question is whether the plaintiff has maintained his burden of proof establishing a duty and breach of duty by the defendant.

5. Under Texas law, duty owed by Noble as a premises owner, occupier depends on the claimant's status as an invitee, licenssee, or trespasser, whereas in the present case, an employee of another enters the premises on the business of his master, and in which business the master and owner-occupier have a mutual interest, the person is an invitee under Texas law. *Atchison, Topeka & Santa Fe Ry. Co. v. Smith*, 563 S.W.2d 660 (Tex.Civ.App.— Waco 1978, ref'd n.r.e.).

6. Under Texas law, Noble had a duty to plaintiff as an invitee to exercise ordinary care to keep the premises in a reasonably safe condition for his use. Noble was not, however, an insuror against accidents on the premises as to invitees. *Gulf Oil Co. v. Bivens*, 276 F.2d 753 (5th Cir.), *cert. denied*, 364 U.S. 835, 81 S.Ct. 70, 5 L.Ed.2d 61, *rehearing denied*, 364 U.S. 906, 81 S.Ct. 231, 5 L.Ed.2d 199 (1960).

7. The duty to keep a premises in a reasonably safe condition does not, however, mean that a premises owner must provide the equipment and tools necessary for an independent contractor to perform the tasks for which the contractor has been engaged. Rather, Texas law makes a distinction between dangerous conditions existing on premises prior the commencement of work, and conditions arising out of the very work for which the independent contractor is employed to perform. *Shell Chemical Co. v. Lamb*, 493 S.W.2d 742 (Tex. 1973); *Abalos v. Oil Dev. Co.*, 544 S.W.2d 627 (Tex. 1976); *Gulf Oil Co. v. Bivens*, 276 F.2d 753 (5th Cir.1960), *cert. denied*, 364 U.S. 835, 81 S.Ct. 70, 5 L.Ed.2d 61, *rehearing denied*, 364 U.S. 906, 81 S.Ct. 231, 5 L.Ed.2d 199.

8. Included within the duty of maintaining the premises in a reasonably safe condition is the duty to protect an invitee from latent defects in the premises, or to warn him thereof. Plaintiff's accident arose out of the manner in which he performed his task, given the unavailability of other means in which to perform his work. The absence of such other means was obvious and known to plaintiff, and accordingly cannot be characterized as a latent defect.

9. Because the court finds that the Noble Rig 29 was in a reasonably safe condition at the commencement of plaintiff's work, it finds that Noble did not breach its duty of care as a premises owner/occupier to the plaintiff.

10. With regard to plaintiff's claims against Noble on the basis other than premises theory, Texas law recognizes where a dangerous condition is transitory, and arises out of the performance of the work, the owner/employer of the independent contractor generally is not under a duty to see that it is done safely; rather, the independent contractor having been engaged for the particular job required, and being in a superior position to inspect for, and to eliminate the hazard incident to the performance of the work has the duty to see that the work is done safely. *Shell Chemical Co. v. Lamb*, 493 S.W.2d 742 (Tex. 1973); *Humphries v. Texas Power & Light Co.*, 427 S.W.2d 324 (Tex.Civ.App.— Dallas 1968, ref'd n.r.e.); *Texaco Inc. v. Roscoe*, 290 F.2d 389 (5th Cir.1961).

11. A party may incur liability to employees of independent contractor for injuries which arise in connection with the performance of their work only when (1) narrowly defined exceptions to the general rule are met, or (2) when the injury results from the negligence of the company's own employees.

12. The court concludes the plaintiff cannot avail himself of any of the exceptions to this rule. Whether or not Noble provided fixed ladders, step stools, or other devices, the plaintiff's task was not inherently dangerous. Instead, plaintiff and his employer had the means and the duty to adopt working practices that would have eliminated the risks the plaintiff claims to have encountered.

13. Further, as previously found, there is no evidence that Noble intervened and directed the employees of Universal Services, in the details or the performance of the work for which Noble was engaged. Ac-

cordingly, plaintiff has failed to establish a duty or breach of duty owed him by Noble.

14. With regard to plaintiff's alternative theory that an employee of the plaintiff removed the chair, the factual court found as fact that there is no evidence to support the conclusion that an employee of Noble removed the chair. This requires the court to find the plaintiff has failed to sustain his burden of proof on such issue.

15. Having found no duty was breached by Noble, the court does not consider the defendant's plea of contributory negligence. However, there is evidence of some contributory negligence, since plaintiff admitted that he was in a hurry; he did not look for the chair prior to walking off the table, and the accident would not have occurred if the chair had been where he thought it was.

It is, therefore, ORDERED, ADJUDGED and DECREED that the plaintiff take nothing of and from the defendant; that all parties bear their own costs in this matter, and that a final judgment consistent with these findings of fact and conclusions of law be entered.