Curtis R. WILHELM, Petitioner,

v.

Dora Elia FLORES, Respondent.

No. 04–0208.

Supreme Court of Texas.

June 9, 2006.

Bruce W. Hodge, Hodge James & Garza, L.L.P., Harlingen, Guy H. Allison, Corpus Christi, Dana R. Allison, Brownsville, The Allison Law Firm, William L. Hubbard, McAllen, for Petitioner.

Francisco J. Rodriguez, Rodriguez Tovar & De Los Santos, LLP, Keith C. Livesay, Livesay Law Office, McAllen, Rogelio Garcia, Houston, for Respondent.

PER CURIAM.

The issue in this case is whether a seller of hived bees owes a commercial buyer's employees or agents any duty to warn them of the dangers associated with bee stings or to protect them from being stung. The court of appeals held that such a duty exists. 133 S.W.3d 726, 734 (Tex. App.—Corpus Christi 2003). We disagree.

Petitioner Curtis Wilhelm kept bees as a hobby, but he decided to sell his fourteen hives to John Black, a commercial beekeeper. Black inspected the hives and bought them, then returned the next day with two men to load them onto a trailer and take them away. (Wilhelm estimated that each hive was about three feet tall, contained thousands of bees, and weighed 200 pounds.) One of the men, Alejandro Mercado, was Black's employee, and the other, Santos Flores, Sr., was a friend Black and Mercado recruited for the job (the record is unclear whether he was actually hired). Black knew of the danger of an allergic reaction to bee stings, and he provided protective suits, hats, veils, and gloves for himself and his men. Wilhelm accompanied them, wearing his own protective gear, but he did not assist in the work. There is no evidence that Wilhelm controlled Black's work or had the right to do so. Black directed the work of Mercado and Flores. When several hives had been loaded, Flores walked away from the area and disappeared into some brush. Mercado speculated that he had gone to smoke a cigarette or relieve himself. When he emerged a few minutes later, his veil was open and he was yelling for help, complaining of being stung. Within minutes, he suffered an allergic reaction and died.

Flores's statutory beneficiaries, respondents in this Court, sued Black and Wilhelm. The jury: found that Black and Wilhelm negligently caused Flores's death and were equally responsible; did not find that Flores was negligent; found actual damages of $1,591,000; and assessed punitive damages of $75,000 against Black and Wilhelm each. The trial court rendered judgment on the verdict, holding Black and Wilhelm jointly and severally liable for the actual damages.

Only Wilhelm appealed. The court of appeals summarized respondents' claims as follows:

(1) failure to have a reasonable safety program; (2) failure to ensure Flores was tested for bee sting allergy; (3) failure to provide proper protective equipment and instructions on how to use such equipment; (4) failure to warn Flores of the dangerousness of honeybees and Africanized bees; and (5) failure to provide Flores with proper and timely medical attention.

133 S.W.3d at 733. The court of appeals concluded:

After considering the evidence herein and weighing the risk, foreseeability, and likelihood of injury from a bee sting against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on [Wilhelm], we hold the evidence is both legally and factually sufficient to support the jury's finding that [Wilhelm] had a duty to warn Flores of the dangers associated with bee stings, including the danger of an adverse allergic reaction, and that appellant breached that duty.

*Id.* at 734.

Had Wilhelm hired Black as an independent contractor to move the beehives, Wilhelm would have owed Flores no duty of care because Wilhelm did not control Flores, Black did. *E.g., Dow Chemical Co. v. Bright,* 89 S.W.3d 602, 608 (Tex.2002). Nor would Wilhelm, as occupier of the premises where the beehives were kept, have owed an independent contractor's employees a duty to warn them about being stung, since that danger was obvious. *E.g., Shell Oil Co. v. Khan,* 138 S.W.3d 288, 295 (Tex.2004). It would have been Black's responsibility, not Wilhelm's, to warn Flores of the danger of an allergic reaction, if Flores was not already aware

of it. *Id.* But Black was merely a buyer of the bees; he was not Wilhelm's independent contractor, and Wilhelm owed Black's employees no greater duty than if he had been.

We conclude that Wilhelm owed Flores no duty as alleged by respondents. Accordingly, we grant Wilhelm's petition for review, and without hearing argument, Tex. R. App. P. 59.1, reverse the judgment of the court of appeals and render judgment that respondents take nothing.