# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00584-CV

**Walter Young Martin III, Appellant**

**v.**

**Gehan Homes Ltd., Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. D-1-GN-06-001179, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Walter Young Martin III (Martin), was injured when he fell from a second-floor landing in a house under construction. The house was owned by appellee Gehan Homes, Ltd., which was also acting as the general contractor on the construction. Martin, a carpenter, was an employee or independent contractor of Thomas Martin, who in turn was a subcontractor to Gehan.[1] Martin sued Gehan and others, asserting premises liability theories centering on the absence of temporary guardrails on the second-floor landing where he fell. Gehan filed a motion for summary judgment under the "traditional" standard, asserting various grounds including that Martin was not its employee but the employee or independent subcontractor of Thomas Martin, that it owed Martin only the duties premises owners owe to invitees in regard to

---

[1] Thomas Martin is also appellant's brother.

preexisting premises defects,[2] and that it owed no duty to warn Martin regarding the open second-floor landing because the hazard was not concealed but open and obvious. *See Shell Oil Co. v. Khan*, 138 S.W.3d 288, 298 (Tex. 2004); *Coastal Marine Servs. v. Lawrence*, 988 S.W.2d 223, 225 (Tex. 1999); *Shell Oil Co. v. Lamb*, 493 S.W.2d 742, 746-47 (Tex. 1973). The district court granted the motion,[3] severed Martin's claims against Gehan from others in the case, and rendered final judgment that Martin take nothing on those claims. Contending that the district court erred in granting summary judgment, Martin appeals. We will affirm the judgment.

Martin brings two issues on appeal. He does not challenge the district court's summary judgment that he was not an employee of Gehan and that the duty Gehan owed him is that of a general contractor to a subcontractor's employees in regard to preexisting premises defects.[4] Martin's complaint, rather, is that the district court erred in granting summary judgment on the ground that Gehan owed him no duty to warn with regard to the open second-floor landing because the hazard was not concealed but open and obvious. In his first issue, Martin argues that Gehan and the district court erroneously applied "the 'no duty doctrine,' which once held that a landowner or

---

[2] *See Clayton Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997).

[3] In addition to its ground under the "traditional" summary-judgment standard, Gehan also asserted grounds under the "no evidence" standard. The district court expressly declined to rule on Gehan's no-evidence grounds but granted Gehan's motion with regard to the traditional grounds without specifying the ones on which it relied. As discussed above, Martin challenges the summary judgment only with respect to Gehan's ground that the open second-floor landing was not concealed but open and obvious.

[4] Martin acknowledges that "[t]his case is not a negligent activity case, nor does it involve a defect created by Martin or the other members of Thomas Martin's trim carpentry crew," and that "[t]he only relevant duty here is the duty owed by a contractor/owner concerning defects that existed when Martin entered the home." *See Olivo*, 952 S.W.2d at 527.

general contractor owed no duty to warn of 'open and obvious' dangers, [which] was long ago abolished by the Supreme Court in *Parker v. Highland Park, Inc.*, 565 S.W.2d 512 (Tex. 1978)." In his second issue, Martin argues in the alternative that "even if the no-duty doctrine were still viable," open and obvious "requir[es] subjective knowledge and appreciation of the dangerous defect [and] does not encompass an objective or reasonable person standard." Pointing to his deposition testimony that he did not have actual, subjective knowledge that there were no guardrails on the second-floor landing, Martin urges that a fact issue remains precluding summary judgment.

We review the district court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Khan*, 138 S.W.3d at 291 (citing *Knott*, 128 S.W.3d at 215-16). In deciding whether there is a disputed material fact issue precluding summary judgment, we take as true proof favorable to the non-movant, and we indulge every reasonable inference and resolve any doubt in favor of the non-movant. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995); *Texas Woman's Univ. v. Methodist Hosp.*, 221 S.W.3d 267, 276 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

As the general contractor and owner of the construction site, Gehan owed Martin the duty to inspect the premises and warn of *concealed* hazards that Gehan knew or should have known about. *Khan*, 138 S.W.3d at 295 (citing *Clayton Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997), *Coastal Marine*, 988 S.W.2d at 225, and *Lamb*, 493 S.W.2d at 746).

3

Consequently, as the Texas Supreme Court has emphasized in several recent cases, this duty does not extend to hazards that are obvious. *See, e.g.*, *Central Tex. Ready Mix Concrete Co., Inc. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007) ("[T]he dangers of rolling an employee about inside a concrete mixer are so obvious they cannot constitute a concealed hazard imposing on Central a duty to warn."); *Wilhelm v. Flores*, 195 S.W.3d 96, 98 (Tex. 2006) (per curiam) ("Nor would Wilhelm, as occupier of the premises where the beehives were kept, have owed an independent contractor's employees a duty to warn them about being stung, since the danger was obvious."); *Khan*, 138 S.W.3d at 298.

In *Parker*, on which Martin relies, the supreme court "expressly abolish[ed] the so-called no-duty concept in this case and . . . henceforth in the trial of all actions based on negligence." 565 S.W.2d at 517. But, as the supreme court later explained, the "no-duty" concept it overruled in *Parker* related to a negligence plaintiff's burden of proof, not the substantive duties owed by the defendant:

> The term "no-duty," as used in *Parker*, referred to the oddity that had uniquely developed in Texas to confuse negligence law. It meant that a plaintiff had the burden to negate his own knowledge and his own appreciation of a danger. . . The rule that the plaintiff does not have the burden to obtain findings that disprove his own fault does not, however, mean that a plaintiff is excused from proving the defendant had a duty and breached it. A plaintiff does not have the burden to prove and obtain findings that he lacked knowledge and appreciation of a danger; he must, however, prove the defendant had a duty and breached it.

*Dixon v. Van Waters & Rogers*, 682 S.W.2d 533, 533-34 (Tex. 1984) (per curiam); *see also Middleton v. Harris Press & Shear, Inc.*, 796 F.2d 747, 751 (5th Cir. 1986) ("[T]he abolition of [the no-duty rule] did not affect the substantive standards governing the existence of a duty to warn.").

4

Martin's view of *Parker* is also belied by recent Texas Supreme Court decisions we have cited above. We overrule Martin's first issue.

As for Martin's second issue, the above authorities demonstrate that whether a dangerous condition is concealed or obvious is not controlled by whether the invitee had personal, subjective knowledge or awareness of it. We agree with Gehan and the district court that the summary judgment evidence conclusively demonstrates that the hazards presented by the second-floor landing and the absence of guardrails were not concealed, but were open and obvious. Thomas Martin testified that he had noticed the open landing before his crew began working, that the condition was not hidden, that "all of us could have" seen it, and that if Walter had "stopped to look upstairs he would have seen there [were] no rails before he ever walked upstairs." Although maintaining that he did not personally notice the absence of rails before he fell, Martin admitted that he did not look before proceeding up the stairs and that he could have been able to see whether there was a railing if he had not been carrying a door. The fact that a person can fall from a second-story landing is the type of obvious risk that Gehan had no duty to warn Martin about. *Summers v. Fort Crockett Hotel*, 902 S.W.2d 20, 28 (Tex. App.—Houston [1st Dist.] 1995, writ denied) ("[T]he fact that a person can fall from an eighth story balcony is an open and obvious condition that we find the plaintiff's deceased knew."); *see Islas*, 228 S.W.3d at 651; *Wilhelm*, 195 S.W.3d at 98. We overrule Martin's second issue.

5

Having overruled Martin's issues on appeal, we affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   June 4, 2008