ACCEPTED
04-14-00899-cv
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/29/2015 2:31:00 PM
KEITH HOTTLE
CLERK

## NO. 04-14-00899-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
04/29/2015 2:31:00 PM
KEITH E. HOTTLE
Clerk

# IN THE COURT OF APPEALS
# FOR THE FOURTH DISTRICT OF TEXAS
# AT SAN ANTONIO, TEXAS

_____

**LETICIA ZEPEDA VASQUEZ, Individually and on Behalf of the Estate of Jose Abraham Vasquez, Jr.**

**Appellant**

**v.**

**LEGEND NATURAL GAS III, LP; LEGEND NATURAL GAS, LLC; LEWIS ENERGY GROUP, LP, LEWIS PETRO PROPERTIES, INC., ROSETTA RESOURCES OPERATING, LP, VIRTEX HOLDINGS, LLP, VIRATEX OPERATING CO., INC., ENTERPRISE PRODUCTS HOLDINGS, LLC; ENTERPRISE PRODUCTS COMPANY; and XTO ENERGY, INC.,**

**Appellees**

_____

# BRIEF OF APPELLEES LEWIS ENERGY GROUP, LP AND
# LEWIS PETRO PROPERTIES, INC.

_____

David L. Ortega
State Bar Number 00791377
James M. "Jamie" Parker, Jr.
State Bar Number 15488710
NAMAN HOWELL SMITH & LEE, PLLC
Union Square II
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
(210) 731-6364
Fax (210) 785-2964
Email: jparker@namanhowell.com
**ATTORNEYS FOR APPELLEES
LEWIS ENERGY GROUP, LP AND
LEWIS PETRO PROPERTIES, INC.**

{03304369.DOCX / }

## Identity of Parties and Counsel

**Appellants**:              **Leticia Zepeda Vasquez**

**Appellant's Counsel**:    Jeffrey Lee Dorrell
H. Mark Burck
Daniel Dutko
Hanzen Laporte, LLP
11767 Katy Freeway, Suite 850
Houston, Texas 77079
(713) 522-9444
(713) 524-2580 (fax)

**Appellees and counsel**:  **Lewis Energy Group, LP. and**
**Lewis Petro Properties, Inc.**

David L. Ortega
James M. "Jamie" Parker, Jr.
NAMAN HOWELL SMITH & LEE, PLLC
Union Square II
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
(210) 731-6364
Fax (210) 785-2964
Email: jparker@namanhowell.com

**Virtex Holdings, LLP and**
**Virtex Operating Co., Inc**.

Christopher Lowrance
ROYSTON RAYZOR VICKERY & WILLIAMS
802 N. Carancahua, Suite 1300
Corpus Christi, Texas 78401
(361) 884-8808
Fax (361) 884-7261

{03304369.DOCX / }

**XTO Energy, Inc.**

Jose G. Garcia
Francisco R. Villarreal
GARCIA & VILLAREAL
4311 N. McColl Road
McAllen, Texas 78504
(956) 630-0081
Fax (956) 630-3631

**Rosetta Resources Operating, LP**

William A. Abernethy
DONNELL ABERNETHY & KIESCHNICK
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401
(361) 888-5551
Fax (361) 880-5618

**Enterprise Products Holdings, LLC, and
Enterprise Products Company**

E. Michael Rodriguez
ATLAS HALL & RODRIGUEZ
50 W. Morrison Road, Suite A
Brownsville, Texas 78520
(956) 574-9333
Fax (956) 574-9337

**Legend Natural Gas III, LP, and
Legend Natural Gas, LLC**

Isaac J. Huron
DAVIS CEDILLO & MENDOZA, INC.
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78213
(210) 822-6666
Fax (210) 882-1151

## Record References

Appellee will refer to the Clerk's record as "(CR___)" and the Clerk's Supplemental record as (CR1__)".

# Table of Contents

**Page**

Identity of Parties and Counsel .................................................................................. ii, iii

Index of Authorities ............................................................................................. vi, vii, viii

Statement of the Case ..................................................................................................... ix

Response to the Issues Presented .................................................................................... xi

Statement of Facts ........................................................................................................... 1

Summary of Argument ..................................................................................................... 2

Argument ......................................................................................................................... 3

Response Point 1 ……………………………………………….…….…………3

There is no duty for a private party to maintain public roads, or otherwise warn motorists of road wear conditions, because such maintenance is an exclusive function of the state and its subdivisions

Response Point 2……..……………………………………………………………….6

The duty sought to be created by Appellant here is not only unsupported by the authority cited, it is contrary to the law of the State of Texas, and it is completely unworkable under any conceivable set of facts

Prayer……………..……………………………………………………………13

Certificate of Compliance ………………………………………………...…15

Certificate of Service………………………………………………………..14

**Index of Authorities**

**Cases**                                                              **Page**

*Ball v. Martin,*
277 S.W.2d 182 (Tex Civ. App.—Austin 1955, no pet)……………….…………11

*Buchanan v. Rose,*
159 S.W.2d 390 (Tex. 1942)……………………………………………………….8

*Caterpillar, Inc. v. Shears,*
911 S.W.2d 379 (Tex.1995)………………………………………………...…...11

*City of Denton v. Van Page,*
701 S.W. 2d 831 (Tex.1986)………...……………………………………………..4

*City of Piney Point Village v. Harris County,*
479 S.W.2d 358 (Tex. Civ. App.—Houston……………………………………….3

*City of San Antonio v. City of Boerne*,
111S.W.3d 22 (Tex. 2003)…………………………………………………3, 5

*City of Waco v. Archenhold Auto. Supply Co.,*
386 S.W.2d 174 (Tex.1965)………...…………………………………………….5

*County of Cameron v. Brown,*
80 S.W.3d 549 (Tex.2002)……...………………………………………………..4

*Doe v. Boys Club of Greater Dallas, Inc.,*
907 S.W.2d 472 (Tex.1995)…………………………………………………..12

*Halepeska v. Callihan Interests, Inc.,*
371 S.W.2d 368 (Tex.1963)……...………………………………………………..11

*Hoechst Celanese Corp. v. Compton,*
899 S.W.2d 215 (Tex. App.—Houston [14[th] Dist.] 1994, pet. denied)………….6

*J.P. Morgan Chase Bank, N.A. v. Texas Contract Carpet, Inc.,*
302 S.W.3d 515 (Tex.App.—Austin 2009, no pet)……………………………7

*Kroger Co. V. Elwood,*
197 S.W.3d 793, (Tex. 2006)……………………………………………………..11

*Lubbock County v. Trammel's Lubbock Bail Bonds,*
80 S.W.3d 580 (Tex.2002)……………………………………………………..7

*Mosheim v. Rollins*
79 S.W.2d 672 (Tex. Civ. App.—San Antonio 1935, writ dism'd w.o.j.)…………3

*New Way Lumber Co. v. Smith,*
96 S.W.2d 282 (Tex.1936)…..………………………………………………….3

*Reyna v. Ayco Dev. Corp,*
788 S.W.2d 722 (Tex. App.—Austin 1990, writ denied)…………………………4

*San Benito Bank & Trust Co. v. Travels,*
31 S.W.3d 312 (Tex.App.—Corpus Christi 200, no pet)………………………7, 10

*Shell Oil Co. v. Slade,*
133 F 2d 518 (5th Cir. 1943)……………………………………………………...11

*SmithKline Beecham Corp. v. Doe,*
903 S.W.2d 347 (Tex.1995)……………………..………………………………6

*Wales Trucking Co. v. Stallcup,*
474 S.W.2d 184 (Tex.1971)……………………………………………………3

*Wilhelm v. Flores,*
195 S.W.3d 96 (Tex. 2006)……………………………………………………11

*Williamson County v. Voss,*
284 S.W.2d 897 (Tex. App.—Austin 2009, no pet)………………………………..4

**Statutes and Rules**

Texas Administrative Code, §21.141…………………………………………………8

Texas Administrative Code, §21.401   ……………………………………………… 8

Tex. Transp. Code § 201.001, et. seq…………….……..……...……..……………8

Tex. Transp. Code § 201.901…………………………………………………………8

Tex. Transp. Code § 224.031 …………..…………………………………………5

Tex. Transp. Code §544.006(a)……………………………………………….…10

Tex. Rule App. P. 38.1(f)…………………………………………………….....1

# Statement of the Case

**Nature of Underlying proceeding:** This case arises from a single vehicle accident in which the decedent was killed when he inexplicably veered off the road when following a Lewis Energy truck down a public road. Appellant brought a negligence suit against all Appellees urging that their simple use of the public roadway had created a dangerous condition which led to the accident. Appellees moved for dismissal of the case under Rule 91a, which was granted by the trial court

**Trial Court:** 81rd District Court of LaSalle County, the Honorable Stella Saxon, Presiding

**Orders appealed from:** On November 20, the trial court granted the Appellees' motion to dismiss under Rule 91a on all claims arising from the supposed "creation of a dangerous condition" on the roadway by defendants who used the road.

## STATEMENT REGARDING ORAL ARGUMENT

Lewis Energy believes that the issues in this case can be decided without oral argument, but would request argument time if oral argument is granted to Appellant.

## Response to the Issues Presented

**<u>Response Point 1</u>:** There is no duty for a private party to maintain public roads, or otherwise warn motorists of road wear conditions, because such maintenance is an exclusive function of the state and its subdivisions

**<u>Response Point 2</u>:** The duty sought to be created by Appellant here is not only unsupported by the authority cited, it is contrary to the law of the State of Texas, and it is completely unworkable under any conceivable set of facts

**STATEMENT OF FACTS**

Appellant's description of the accident as "tragic," that the accident "could have been avoided," that the road was "once safe" and that the road is "dangerously dilapidated" are arguments that have no place in the factual section of a brief. *See* Tex. Rule App. P. 38.1(f). Likewise, this case involves a one vehicle accident which the plaintiff did not survive, and whether the decedent was "blinded" by a dust cloud is nothing more than rank speculation, as is the statement about how many trucks operated by the Appellees use the road in question every year. Lewis Energy contends that there is no evidence that its trucks were operated negligently, that its trucks were over any weight limits, that they were operated at an "excessive" speed, or that any Appellee knew that their operations had allegedly created a dangerous condition. Lewis Energy does admit, for purposes of this appeal only, that it did not repair the roadway or post warnings of the condition of the public road, which appears to be the only true statement in Appellant's statement of facts.

Contrary to Appellant's description, the facts of this case are simple. Appellant's lawsuit claims that all Defendants owed a duty to the decedent either to repair a public roadway or warn of its condition. (CR001). Lewis Energy and the other Defendants filed their respective answers, and urged that there was no basis for Plaintiff's claim as a matter of law or fact under Rule 91a (CR051).

1

Appellant filed an amended petition attempting to comply with the Rule 91a filings (CR079), and then filed a response to the motions. (CR126). After a full hearing, the trial court granted the Defendants' motions to dismiss (CR74, 147), and then later issued an amended order of dismissal that also severed certain remaining claims so that the dismissal order could become final (CR1-007). This appeal followed. (CR1001).

## SUMMARY OF ARGUMENT

Appellant's arguments are short but nonsensical. None of the Appellants have a duty to maintain a public roadway. Control and maintenance of public roadways is exclusively the duty of the State and its subdivisions not of individual users or companies. Likewise, even if the use of the roadway by the traveling public (which pays for that road in the way of taxes and fees) can be said to "create" a dangerous condition, there can be no duty to warn of a condition (like a rough and dusty road) that is open and obvious, or one that simply provides the setting for an accident to occur. Moreover, Appellees could not legally or practically provide the allegedly necessary warning on a public right-of-way without it being a public nuisance under State law. Therefore, the trial court correctly granted the Appellees' Rule 91a motion to dismiss, and this Court should affirm.

{03304369.DOCX / }

**ARGUMENT**

**Response Point 1:** **There is no duty for a private party to maintain public roads, or otherwise warn motorists of road wear conditions, because such maintenance is an exclusive function of the state and its subdivisions**

The basis of Appellant's claims here is that Appellees, by their allegedly frequent and damaging use of the public roadway, somehow created a legal duty of care to either maintain the public roadway or warn all other drivers using the road of its allegedly dangerous condition.

The first problem with this argument is that courts have consistently held that roadways are the responsibility of the State of Texas and its subdivisions, and that it is *their* duty and responsibility to make them safe. *See e.g. City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 31-32 Tex. 2003)(by granting county general control over the roads, the Legislature imposed on them a duty to make the roadways safe for public travel). Put another way, the roads are public property over which the State (or its designees within Constitutional limits) have control. *See New Way Lumber Co. v. Smith*, 96 S.W.2d 282, 285 (Tex. 1936)[1]. With that

_____

[1] *See also Wales Trucking Co. v. Stallcup*, 474 S.W.2d 184, 187(Tex. 1971)(government authorities have a duty to properly maintain public roads, and "have the corresponding power and responsibility to enact reasonable regulations for the use of streets and roads"); *City of Piney Point Village v. Harris County*, 479 S.W.2d 358, 364 (Tex. Civ. App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.) ("Establishment and control of public roads is primarily a function belonging to the state, and the legislature, except where restricted by the Constitution, may delegate the function to political subdivisions of the state or to such other agency or instrumentality, general or local in its scope, as it may determine."); *Mosheim v. Rollins*, 79 S.W.2d 672, 675 (Tex. Civ. App.—San Antonio 1935, writ dism'd w.o.j.)(general public highway easement "extends to

{03304369.DOCX / }

control, comes the State's general duty to make the property safe. *See e.g., County of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex.2002) (concluding that, for purposes of premises-liability claim, county assumed sufficient control over state-owned causeway because it had maintenance contract with state that included responsibilities over causeway's streetlight system) (*quoting City of Denton v. Van Page*, 701 S.W.2d 831, 835 (Tex.1986)). "The relevant inquiry is whether the defendant assumed sufficient control over the part of the premises that presented the alleged danger so that the defendant had the responsibility to remedy it." *Id.* In other words, in the absence of a contract to the contrary, the duty to maintain a public roadway belongs to the State, not individual users.

As the easement holder of the land on which the road in question here sits, the State or County was in control of the roadway, and therefore owed any duty to maintain the roadway. *See Reyna v. Ayco Dev. Corp.*, 788 S.W.2d 722, 724 (Tex. App.-- Austin 1990, writ denied) (where city, as holder of easement, had exclusive use and control of easement property, apartment complex property owner had no control over and thus no duty to repair open and energized electrical switching cabinet that caused injury to child tenant). This is true even though they are governmental entities and are entitled to immunity for the supposed failure to maintain the roadway. *See Williamson County v. Voss*, 284 S.W.2d 897, 902 (Tex.

---

limits of highway as located, and consists in privilege of passage, with incidental powers and privileges, such as right to construct and maintain safe and convenient roadway….").

4

App. – Austin 2009, no pet)(alleged negligent creation of dust cloud by County leading to auto accident provides no basis for waiver of sovereign immunity)

Recognizing this control, the Legislature has specifically established the duties of counties and the State in constructing, maintaining, designing, and ensuring the safety of their roadways. *See* Tex. Transp. Code § 224.031 ("[TxDOT] has exclusive and direct control of all improvement of the state highway system."); *see also City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 29 (Tex. 2003) ("[T]he commissioners court of each county shall regard [public transportation] as a system, to be laid out, changed, repaired, improved, and maintained, as far as practical, as a whole to the best interest and welfare of all the people of the county."); *City of Waco v. Archenhold Auto. Supply Co.*, 386 S.W.2d 174, 180 (Tex. Civ. App.—Waco 1964), *aff'd*, 396 S.W.2d 111 (Tex. 1965) ("[T]he state or a municipality has the right to reroute, relocate, improve, abandon or vacate its streets in any reasonable manner that it deems necessary for public safety, health, comfort, convenience or welfare of the community.").

Because regulation of traffic is a governmental function, and Texas law gives the authority to regulate traffic to state and local government, only governing authorities and their agents are entitled to regulate traffic on public roadways and private entities have no authority to regulate or direct traffic on public roads. *See*

{03304369.DOCX / }

*Hoechst Celanese Corp. v. Compton*, 899 S.W.2d 215, 226-27 (Tex. App. – Houston [14th Dist.] 1994, pet. denied).

Defendants are all private entities, with no authority to do anything with regard to the public road at issue, whether that was to repair the road or somehow "warn" other motorists of existing road conditions. In other words, the State and/or the County was in control of the "premises" as a matter of law, and therefore Defendants could not have been liable for its condition or for a duty to warn.

**Response Point 2:  The duty sought to be created by Appellant here is not only unsupported by the authority cited, it is contrary to the law of the State of Texas, and it is completely unworkable under any conceivable set of facts**

Appellant's basic argument is that Defendants created a dangerous condition through their everyday use of a public road, and therefore had a duty to warn other motorists of its condition. No such duty exists, even under the authorities cited by Plaintiff, and there is no reasonable basis for the creation of a new duty.

The existence of a legal duty is a question of law. *See SmithKline Beecham Corp. v. Doe,* 903 S.W.2d 347, 351 (Tex. 1995). In determining whether a legal duty exists the court takes into account "not only the law and policies of this State, but the law of other states and the United States, and the views of respected and authoritative restatements and commentators." *Id.* The factors considered in determining whether a new common law duty should be created include: (1) social,

6

economic, and political questions and their application to the facts at hand; (2) the risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant; and (3) whether one party would generally have superior knowledge of the risk or a right to control the actor who caused the harm. *See San Benito Bank & Trust Co. v. Travels*, 31 S.W.3d 312, 321 (Tex. App. – Corpus Christi 2000, no pet). Intermediate courts of appeal should be hesitant to create new common law duties that have no existence in established law, and should not create such duties when they involve "gaps" in existing statutory law. *See Lubbock County v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex.2002); *J.P. Morgan Chase Bank, N.A., v. Texas Contract Carpet, Inc.*, 302 S.W.3d 515, 535 (Tex. App. – Austin 2009, no pet)("If there is a gap in either of the statutes that the legislature mistakenly failed to fill, it is still the legislature, not the courts, that must correct that mistake.").

In light of the above-cited authorities, the trial court was clearly correct in ruling that there was no duty owed by the Appellees. First, even the cases cited by Appellant do not support the alleged duty. For example, the *Buchanan* case makes clear that the defendant there (just as the Lewis truck that the plaintiff was allegedly following here):

> was merely the victim of a defective condition that already existed. It
> would be carrying the matter too far to say that one must give notice

7

of every known defect in a road naturally resulting from his normal and legitimate use thereof. To so hold would make the use of the highways too hazardous from the standpoint of public liability.

*See Buchanan v. Rose*, 159 S.W.2d 390, 393-94 (Tex. 1942). Although Appellant attempts to claim that Appellees' repeated use of the road caused the "defect" in the first place, the above language in *Buchanan* demonstrates why such a duty cannot be established.

Specifically, the State of Texas has established a vast and comprehensive regulatory scheme that addresses the issues relating to vehicles (including commercial vehicles) using Texas roads. Fees and/or taxes are collected from drivers (whether directly or through gasoline taxes), and the State maintains control of how much, and how, funds are spent to build or repair highways. *See* Texas Transportation Code, §201.001, *et. seq.*; Texas Administrative Code, §4.11, et. seq., Likewise, the State maintains complete statutory and regulatory control over signage on right of ways, including rural roads such as the one in this case. *See* Texas Administrative Code, § 21.141, et. seq., 21.401, et. seq.[2]

As noted in *Buchanan*, to create a "duty to warn" here "would make the use of the highways too hazardous from the standpoint of public liability." Having

---

[2] Lewis would point out that the State has also reserved to itself the power to prohibit use of a highway or road by a vehicle that will "unduly damage" the roadway, which belies the Appellant's claim that there should be some kind of common law tort duty on defendants when they supposedly unreasonably damage the road through normal use. *See e.g.,* Texas Transportation Code *,* §201.901.

8

already paid to use the roadway by fees and taxes, how would any member of the public (private or commercial) know when their use of the road would subject them to liability -- to some unknown future driver over the same road -- concerning road conditions not only caused by them *but at least partially by every other driver on the road*. On this point, it is important to note the specific *refusal* of the Supreme Court to create a duty in *Buchanan*, where there was: (1) no doubt that the defendant driver damaged the bridge in question; (2) he was specifically warned by another motorist that he had caused the damage to the bridge that led to the later injuries, and (3) he refused to provide a warning despite that notice. Here, Appellant would have this Court create a duty when the nature of the "damage" is not a single event that could even be traced to a particular defendant, but from wear and tear of the roadway caused by *every* vehicle that uses the road, whether Defendants in this suit or not.

Moreover, how would any user know when the roadway went from "safe" to "actionable" such that the supposed duty to warn came into being? It would require *all* users of the road to become experts on roadways and when repairs are necessary. Creation of this duty could have obvious far-reaching and undesirable consequences. A private citizen (including a corporation) – having paid all of the taxes and fees due for their vehicle under the law -- should be free to use the public roadway without incurring tort liability to a future driver on the same road. To

hold a private citizen liable under the circumstances suggested by Plaintiff would "make the citizen twice a victim." *See San Benito, supra* at 321.

Even setting aside all of the above, the Court should consider the ramifications of the Appellant's request that a duty to warn be created. State law prohibits private parties from placing signs on the public right of way, and any such placement is considered as a public nuisance. *See Texas Transportation Code*, §544.006(a), (e)(a person may not place, maintain or display on or in view of the highway and unauthorized sign, that attempts to direct the movement of traffic). Considering how the accident here allegedly occurred – a cloud of dust created by road conditions – how exactly is a defendant under this new duty suggested by Appellant supposed to provide the hypothetically required warning? They cannot post a sign on or near the roadway under State law. Are they required to post it on the back of a truck for all roads that the vehicle is going to be on, even if they are perfectly safe? Are they supposed to make a spot decision and only put it on the back of the truck when they come to a road that *might* be considered as problematic? Based upon whose definition? Will they then be sued because the warning sign is not sufficient for the particularized dangers on the road they are traveling on because the danger is actually different from the one mentioned on their warning sign? The Court can see that the Appellant's entire claim is

10

completely unworkable, and that no duty can, or should, be created under the circumstances presented here.

Finally, the Court should recall two final points relating to the accident itself that militate against creation of a new duty. First, although this is ostensibly a duty to warn case, there is no such duty under law when the danger is something that is "open and obvious." *Halepeska v. Callihan Interests, Inc.*, 371 S.W.2d 368, 378 (Tex. 1963).[3] So, even if there was some kind of duty to warn, Appellees would not have had to warn the decedent either that he was traveling on a rough road or that a dust cloud can obscure vision and lead to an accident, as such matters are both open and obvious to anyone on the road and well within the common experience of drivers. *See e.g., Ball v Martin*, 277 S.W.2d 182, 183-84 (Tex Civ. App. -- Austin 1955, no pet)(defendant held responsible in accident for entering dust cloud and striking plaintiff's vehicle); *Shell Oil Co v. Slade*, 133 F 2d 518, 520(5th Cir. 1943)(proximate cause of accident not fog on road created by Shell plant but on driver who entered the fog without exercising due care).

---

[3] The law in Texas is clear that there is no duty to warn of obvious conditions, and the Texas Supreme Court has applied this principle repeatedly in a variety of contexts over a period of years. *See, e.g., Kroger Co. v. Elwood*, 197 S.W.3d 793, 794-795 (Tex. 2006) (an employer is not an insurer of its employees' safety and it owes no duty to warn of hazards that are commonly known or already appreciated by the employee); *Wilhelm v. Flores*, 195 S.W.3d 96, 98 (Tex. 2006) (premises occupier had no duty to warn independent contractor's about being stung, since that danger was obvious, *citing Shell Oil Co. v. Khan*, 138 S.W.3d 288, 295 (Tex. 2004)); *Caterpillar, Inc. v. Shears*, 911 S.W.2d 379, 382 (Tex.1995) (holding that the law of products liability does not require a manufacturer or distributor to warn of obvious risks).

11

Second, the mere creation of a condition that makes an injury possible is not sufficient to breach any duty under Texas law. *See Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex.1995). There can be no showing by the Appellant that any of the Appellees did anything other than (at most, and assuming everything in Appellant's favor) create a worn condition on the roadway. That the decedent thereafter voluntarily drove into a dust cloud which supposedly led to his loss of control cannot, as a matter of law, lead to a finding of proximate cause on any of the Appellees. On this point, it should be recalled that there is – and will be -- no evidence as to exactly why the decedent's vehicle went off the road. In short, the trial court could not have erred in finding that there was no basis for this suit either in law or in fact, and the dismissal was proper.

## CONCLUSION

The creation of a duty under the circumstances presented here would be completely unworkable, particularly given the State's omnipresent control over the public roadways. The trial court got it right in dismissing this case under Rule 91a. This is *exactly* the type of case that the Rule was adopted for in the first place.

{03304369.DOCX / }

## Prayer

For all the reasons set forth above, Lewis Energy Group, LP and Lewis Petro Properties, Inc. respectfully request that the Court affirm the trial court's ruling in all things, and for such other and further relief to which they may be entitled.

Respectfully Submitted,

_/s/ James M. Parker, Jr._____
James M. "Jamie" Parker, Jr.
State Bar Number 15488710
David L. Ortega 00791377
State Bar Number
NAMAN HOWELL SMITH & LEE, PLLC
Union Square II
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
(210) 731-6364
Fax (210) 785-2964
Email: jparker@namanhowell.com

**ATTORNEYS FOR APPELLEES LEWIS ENERGY GROUP, LP AND LEWIS PETRO PROPERTIES, INC.**

13

{03304369.DOCX / }

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been sent on the 29th day of April 2015, to the following, as shown below:

Jeffrey Lee Dorrell
H. Mark Burck
Daniel Dutko
Hanzen Laporte, LLP
11767 Katy Freeway, Suite 850
Houston, Texas 77079
Fax (713) 524-2580
**Appellant's Counsel**

Christopher Lowrance
ROYSTON RAYZOR VICKERY & WILLIAMS
802 N. Carancahau, Suite 1300
Corpus Christi, Texas 78401
Fax (361) 884-7261
**Virtex Holdings, LLP and Virtex Operating Co., Inc.**

Jose G. Garcia
Francisco R. Villareal
GARCIA & VILLAREAL
4311 N. McColl Road
McAllen, Texas 78504
Fax (956) 630-3631
**XTO Energy, Inc.**

William A. Abernethy
DONNELL ABERNETHY & KIESCHNICK
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401
Fax (361) 880-5618
**Rosetta Resources Operating, LP**

{03304369.DOCX / }

E. Michael Rodriguez
ATLAS HALL & RODRIGUEZ
50 W. Morrison Road, Suite A
Brownsville, Texas 78520
Fax (956) 574-9337
**Enterprise Products Holdings, LLC, and**
**Enterprise Products Company**

Isaac J. Huron
DAVIS CEDILLO & MENDOZA, INC.
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78213
Fax (210) 882-1151
**Legend Natural Gas III, LP, and**
**Legend Natural Gas, LLC**

*/s/ James M. Parker, Jr.*
JAMES M. "JAMIE" PARKER, JR

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief complies with the type-face and length requirements of amended rule 9.4 of the Texas Rules of Appellate Procedure. Exclusive of exempted portions stated in amended rule 9.4(9)(1), the brief contains 3,508 words, as calculated by Microsoft Word, the program used to prepare this document.

*/s/ James M. Parker, Jr.*
JAMES M. PARKER, JR

{03304369.DOCX / }