

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-15-00358-CV

**HARVEY HARWELL,**

                                                                **Appellant**

 **v.**

**BELL INVESTMENT CORPORATION,**

                                                                **Appellee**

_____

### From the County Court at Law No. 1
### McLennan County, Texas
### Trial Court No. 20131507CV1

_____

## MEMORANDUM OPINION

_____

Harvey Harwell appeals the trial court's order granting a directed verdict and final judgment that Harwell take nothing in his suit against Bell Investment Corporation. Because the trial court erred in granting Bell's motion for directed verdict, the trial court's order and judgment is reversed, and this case is remanded to the trial court for further proceedings.

During the daytime on New Year's Eve in 2011, Harwell and his friend, Ray Harrison, took Harwell's non-working freezer to the Treasure City Flea Market, owned and operated by Bell, to give it to a vendor and buy a working freezer. The grounds of the flea market contained walkways made up of both concrete and asphalt which were seamed together. In some places on that seam, the asphalt had eroded. As they were walking on the grounds looking for the particular vendor, Harwell stepped into a pothole where the asphalt had eroded and fell to the ground. He injured his wrists, broke his toe, and injured his shoulder. Harwell sued Bell alleging a dangerous condition existed on Bell's property which Bell failed to repair or warn about and which proximately caused Harwell's injuries. After the presentation of evidence on the merits was closed and before the case was submitted to the jury, Bell moved for a directed verdict which the trial court granted.

In one issue, Harwell asserts the trial court erred in granting the directed verdict in which Bell argued the condition of the pavement was open and obvious, thus negating any duty owed to Harwell.

In reviewing a trial court's order granting a directed verdict, we must determine whether there is more than a scintilla of evidence to raise a fact issue on the underlying question presented in the directed verdict. *See Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 234 (Tex. 2004). More than a scintilla of evidence exists when the evidence in question rises to a level that would enable reasonable and fair-minded people

to differ in their conclusions. *See Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 911 (Tex. 2004); *Coastal Transp.*, 136 S.W.3d at 234.[1]

Generally, a landowner has a duty to make safe or warn of unreasonably dangerous conditions that are not open and obvious or otherwise known to the invitee. *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). The question in this case is whether there was more than a scintilla of evidence that the condition of the pavement, the pothole, which caused Harrell to fall was not "open and obvious."

The Texas Supreme Court has found several conditions to be open and obvious. *See GE v. Moritz*, 257 S.W.3d 211, 216 (Tex. 2008) (no duty to warn plaintiff that ramp he had used for more than a year had no handrails); *Stephen F. Austin State Univ. v. Flynn*, 228 S.W.3d 653, 660 (Tex. 2007) (no duty when plaintiff conceded she was aware of the sprinkler before she encountered it); *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007) ("the dangers of rolling an employee about inside a concrete mixer are so obvious they cannot constitute a concealed hazard imposing on Central a duty to warn"); *Jack in the Box, Inc. v. Skiles*, 221 S.W.3d 566, 569 (Tex. 2007) (dangers associated with the use of a ladder to climb over a lift gate are common and obvious); *Kroger Co. v. Elwood*, 197 S.W.3d 793, 795 (Tex. 2006) (plaintiff knew it was dangerous to place his hand in a

---

[1] Bell cites *Graff v. Beard*, 858 S.W.2d 918 (Tex. 1993) for the proposition that a plaintiff must establish the existence of a duty before any fact question can arise. In *Graff*, the Texas Supreme Court was deciding whether to judicially impose a common law duty where a statute did not. This discussion is not applicable to the case at hand.

vehicle's doorjamb; defendant had no duty to warn of a danger known to all); *Wilhelm v. Flores*, 195 S.W.3d 96, 98 (Tex. 2006) (owner of premises where the beehives were kept had no duty to warn independent contractor's employees about being stung, since danger was obvious). Unlike these cases, the obviousness of the danger is not present in this case.

Here, Harwell testified that he did not see the pothole. Both Harwell and his friend, Ray Harrison, testified it was crowded at the flea market that day. Bell disputed that it was crowded that day. Harrison stated that there were "a bunch" of people a few feet in front of Harwell as they were walking and that Harwell probably would not have stepped in the pothole had Harwell seen it. Harrison did not see Harwell fall but opined that he did not think Harwell saw the hole. Harwell was sure that he was watching where he was going, but did not see the hole. He agreed however, that no one was walking *directly* in front of him, that no one was in front of him, and that he could have seen the pothole—he simply did not.

Photographs introduced into evidence show that the hole was twice as long as a person's foot and just about as wide. It appeared to be as deep as a person's foot as well. With no one around the hole, it appears that it is an obvious defect in the pavement. And Harwell agreed that, in the picture, the hole appears obvious. However, in another photograph introduced which showed a crowd walking on the flea market grounds, the hole is not so obvious.

Viewing this evidence under the proper standard, we find that there is more than a scintilla of evidence to raise a fact issue as to whether the pothole was open and obvious. Accordingly, the trial court erred in granting Bell's motion for directed verdict. Harwell's sole issue is sustained.

Having sustained Harwell's sole issue, we reverse the trial court's order and final judgment and remand this case to the trial court for further proceedings.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Reversed and remanded
Opinion delivered and filed March 1, 2017
[CV06]

